ANONYMOUS, PETITIONER *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28246–07D.        Filed January 19, 2010.

P requested a PLR from R. R informed P that he would be issuing a PLR adverse to P's interests. P declined to withdraw the request for a PLR. Before R publicly released the PLR, P petitioned this Court, alleging that the PLR was arbitrary and capricious and that R failed to delete certain terms in the PLR that tended to identify P. P asks that we order R not to disclose the PLR or, in the alternative, order R to delete certain terms from the PLR. R moved for summary judgment and argues that this Court lacks jurisdiction to prevent R from disclosing the PLR at issue and that none of the terms in the PLR would tend to identify P. *Held*: This Court's jurisdiction is limited to making a determination with respect to whether certain terms in the PLR are required to be deleted before publication. Therefore, we will grant R's motion for summary judgment in part. *Held*, *further*, because a question of fact remains whether certain terms in the PLR tend to identify P, we will deny R's motion for summary judgment in part.

13

*Sealed*, for petitioner.
*Sealed*, for respondent.

OPINION

GOEKE, *Judge*: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.[1] For the reasons stated herein, we shall grant in part and deny in part respondent's motion.

*Background*

On October 1, 2004, petitioner submitted a request for a private letter ruling (PLR). On September 17, 2007, respondent contacted petitioner to inform petitioner that respondent intended to issue the PLR with a determination adverse to petitioner's request. Respondent informed petitioner's counsel that petitioner could withdraw the request, but petitioner declined. On October 5, 2007, respondent issued a written adverse determination letter ruling against petitioner.

On December 6, 2007, petitioner petitioned this Court pursuant to section 6110 to restrain disclosure of respondent's letter ruling. Petitioner's petition asks the Court to: (1) Order, under provisions of the Administrative Procedure Act (APA), 5 U.S.C. secs. 551–559, 701–706 (2006), that respondent not publicly disclose the PLR; (2) order that the PLR not be disclosed to Internal Revenue Service (IRS) employees; and (3) order should the IRS be allowed to publicly disclose the PLR, that the IRS delete certain information in the PLR that would identify petitioner. Since the filing of the petition in this case, respondent has agreed to delete additional information. On April 24, 2009, respondent filed his motion for summary judgment.

*Discussion*

I. *Summary Judgment*

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and the Court will draw any factual inferences in the light most favorable to the non-moving party. *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavits or otherwise "showing that there is a genuine issue for trial."

II. *The PLR System*

The IRS has developed the PLR system to provide guidance to taxpayers on the tax impact of specific transactions. Certain information is required in order to file requests for letter rulings and written determinations. Rev. Proc. 2007–4, sec. 9.01, 2007–1 C.B. 118, 131. Each request must contain a complete statement of all facts relating to the transaction, including a statement of the business reasons for the transaction and a detailed description of the transaction in question. *Id.* sec. 9.02(1), 2007–1 C.B. at 131. Additionally, copies of all pertinent documents and an analysis of material facts must be included. *Id.* sec. 9.02(2)–(3), 2007–1 C.B. at 131–132. The request must also include relevant authorities, even those contrary to the taxpayer's position, a statement regarding previous consideration of the issue, and a statement identifying any pending legislation. *Id.* sec. 9.02(4)–(8), 2007–1 C.B. at 132–133. To assist the IRS in complying with section 6110, the request for a letter ruling should also include a "deletions statement". *Id.* sec. 9.02(9), 2007–1 C.B. at 133.

Section 6110(a) provides that the text of any written determination shall be open to public inspection at such places as the Secretary may by regulation prescribe. Before making such document available to the public for inspection, however, the Secretary is required to delete certain information that is exempt from disclosure. Sec. 6110(c). The exempted

information includes the names, addresses, and other identifying details of the person to whom the written determination pertains, information the disclosure of which would create a clearly unwarranted invasion of privacy, and information specifically authorized under Executive order to be kept secret in the interest of national defense or of foreign policy. Sec. 6110(c)(1), (2), (5).

III. *Confidential Return Information Under Section 6103*

Section 6103 protects the privacy of taxpayers and restricts Government officers and employees from disclosing confidential return information. *Lizcano v. Commissioner*, T.C. Memo. 2008–39. Section 6103(a) provides that "Returns and return information shall be confidential" and that no officer or employee of the Government who obtains such information in an official capacity shall disclose it "except as authorized by this title". Section 6103 was designed both "to protect taxpayers' privacy and, therefore, to encourage the taxpayers' free and open disclosure to the Service." *Estate of Yaeger v. Commissioner*, 92 T.C. 180, 184 (1989) (citing *Lampert v. United States*, 854 F.2d 335, 336 (9th Cir. 1988)). "A taxpayer's return, or return information, generally may not be revealed to a third party unless such disclosure is specifically authorized under section 6103." *Id.* (citing *Martin v. IRS*, 857 F.2d 722 (10th Cir. 1988)). Section 6103(b)(1) defines the "term 'return' [to mean] any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary". Section 6103(b)(2) provides an expansive definition of return information. However, section 6103(h)(1) provides an explicit exception to these confidentiality requirements to allow inspection and disclosure of return and return information by officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes. *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 734 (6th Cir. 2006).

IV. *Publication of PLRs*

Section 6110(c) provides that before any written determination or background file is made open or available to public inspection, the Secretary shall delete:

(1) the names, addresses, and other identifying details of the person to whom the written determination pertains and of any other person, other than a person with respect to whom a notation is made under subsection (d)(1), identified in the written determination or any background file document;

(2) information specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy, and which is in fact properly classified pursuant to such Executive order;

(3) information specifically exempted from disclosure by any statute (other than this title) which is applicable to the Internal Revenue Service;

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(6) information contained in or related to examination, operating, or condition reports prepared by, or on behalf of, or for use of an agency responsible for the regulation or supervision of financial institutions; and

(7) geological and geophysical information and data, including maps, concerning wells.

A person may act to restrain certain information from being disclosed in a written determination or background file, however, under the procedures set forth in section 6110(f). Section 6110(f)(2) and the accompanying regulations provide that any taxpayer to whom a written determination pertains (or successor in interest, executor, or other person authorized by law to act for or on behalf of such person) or who has a direct interest in maintaining the confidentiality of a written determination or background file document may file an administrative request that material be deleted from the written determination (or background file document). See sec. 301.6110–5(b)(1), Proced. & Admin. Regs.

Section 6110(f)(3) establishes jurisdiction in this Court to determine whether, and to what extent, a disputed portion of a written determination or background file document may be open to public inspection. Section 6110(f)(3) provides in part:

(A) CREATION OF REMEDY.—Any person—

(i) to whom a written determination pertains (or a successor in interest, executor, or other person authorized by law to act for or on

> behalf of such person), or who has a direct interest in maintaining the confidentiality of any such written determination or background file document (or portion thereof),
>
>   (ii) who disagrees with any failure to make a deletion with respect to that portion of any written determination or any background file document which is to be open or available to public inspection, and
>
>   (iii) who has exhausted his administrative remedies as prescribed pursuant to paragraph (2),
>
> may, within 60 days after the mailing by the Secretary of a notice of intention to disclose any written determination or background file document under paragraph (1), together with the proposed deletions, file a petition in the United States Tax Court (anonymously, if appropriate) for a determination with respect to that portion of such written determination or background file document which is to be open to public inspection.

See also Rules 220 through 229A. Section 6110(f) requires the IRS to give notice of its intention to disclose a written determination.

Respondent moves for summary judgment on the grounds that: (1) The APA does not apply to this disclosure action; (2) section 6103 has a specific exemption for IRS employees; and (3) the information in the PLR is generic and does not tend to identify petitioner.

Petitioner objects to respondent's motion and argues that the APA provides this Court with the authority to order respondent not to disclose the PLR at issue because the PLR was arbitrary, capricious, and an abuse of discretion. Petitioner alleges section 6110(f)(3) grants the Court the express authority to review written determinations open to public inspection like PLRs. Petitioner contends that the contents of the PLR are contrary to law and thus respondent acted arbitrarily, capriciously, and in bad faith in issuing it. Petitioner further argues that for the same reason the PLR should not be disclosed to Department of the Treasury officials.

Lastly, petitioner argues that certain terms in the PLR tend to identify petitioner and that the Court may determine whether additional information should be redacted from the PLR. Petitioner contends that respondent has failed to delete all identifying information as required by section 6110(c)(1).

## V. *Conclusion*

On the basis of our examination of the record before us, we shall grant in part and deny in part respondent's motion for summary judgment. Section 6110(f)(3)(A) explicitly grants

this Court jurisdiction to make a determination with respect to the Commissioner's decision to delete or not delete information from a PLR before public disclosure. Further, section 6103(h)(1) authorizes the disclosure of confidential return information to Department of the Treasury officers and employees. Petitioner's argument that the APA allows this Court to prevent the Commissioner from disclosing a PLR is incorrect. The APA does not create a right of action in this circumstance. See, e.g., 5 U.S.C. sec. 703 (2006); *Califano v. Sanders*, 430 U.S. 99 (1977). Section 6110(f)(3)(A) limits this Court's determination to the Commissioner's deletion decisions. That section does not give this Court the authority to order the Commissioner to restrain disclosure of a PLR in its entirety. The Tax Court is a Court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442; see also *GAF Corp. & Subs. v. Commissioner*, 114 T.C. 519, 521 (2000). This Court's jurisdiction under section 6110(f)(3)(A) is explicitly limited to making a determination with respect to the Commissioner's decision not to delete information from a written determination or background file document which is to be open to public inspection. Section 6110(f)(3)(A) is a precise grant of jurisdiction and does not allow for additional general remedies. See *Hinck v. United States*, 550 U.S. 501, 506 (2007).

Lastly, we address respondent's contention that summary judgment is appropriate because specific terms in the PLR do not in fact tend to identify petitioner. Respondent contends that there is no material issue of fact in regard to these terms and argues that they do not tend to identify petitioner. On a party's motion for summary judgment, we must view the facts in the light most favorable to the nonmoving party. *Dahlstrom v. Commissioner*, 85 T.C. at 821. Petitioner alleges that terms included in the PLR are specific to petitioner, will be easily recognized by anyone in petitioner's industry, and clearly show petitioner as being the party requesting the PLR. Because there is an issue of material fact with respect to whether these terms do or do not tend to identify petitioner, we shall deny that part of respondent's motion.

We shall grant respondent's motion to the extent petitioner asks this Court to order withholding of the entire PLR at issue. We shall deny respondent's motion to the extent peti-

tioner contends that there is a material fact in dispute as to whether certain terms in the PLR tend to identify petitioner. To reflect the foregoing,

> *An appropriate order granting respondent's motion in part and denying it in part will be issued.*