T.C. Memo. 2011-187

UNITED STATES TAX COURT

SIMONE'S BUTTERFLY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13230-10L.               Filed August 8, 2011.

Tamara W. Ashford, for petitioner.

William J. Gregg, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This case is before us to review a
determination (determination) by respondent's Appeals Office
(Appeals) to proceed with collection of petitioner's unpaid
Federal income taxes, penalties, and interest for 2003 and for
2005 through 2008.  Each party has moved for summary adjudication
in his (or its) favor (respondent's motion and petitioner's

motion, respectively), and each has responded, objecting to the other's motion (petitioner's objection and respondent's objection, respectively).  We shall grant respondent's motion and deny petitioner's motion.

Unless otherwise indicated, section references are to the Internal Revenue Code presently in effect, and Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

We may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  The moving party has the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See, e.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010) (citing Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985)).

## Background

The following facts are gathered from the pleadings, respondent's motion and the declaration of Gail Dickerson (Ms. Dickerson) in support thereof, petitioner's motion, and the two objections.  There appears to be no disagreement as to the following facts.

Petitioner is a corporation with its principal place of business in Washington, D.C. It filed Federal income tax returns for 2003 and for 2005 through 2008 showing tax liabilities, which were not paid. Respondent assessed the tax liabilities and other amounts.

On June 1, 2009, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) concerning unpaid taxes, penalties, and interest totaling $44,905 for 2003 and for 2005 through 2007. In response, petitioner timely submitted to Appeals a Form 12153, Request for a Collection Due Process or Equivalent Hearing, addressing "2003-2005" and proposing an offer-in-compromise as a collection alternative (levy request).

On July 30, 2009, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice) concerning petitioner's 2008 tax year and showing an amount owed of $6,643. In response, petitioner timely submitted to Appeals a Form 12153 addressing "2006-2008", dated August 1, 2009, and proposing neither a collection alternative nor a loan subordination, discharge, or withdrawal (lien request).

An Appeals employee, Settlement Officer Gail Dickerson, was assigned both the levy request and the lien request (together,

requests). Ms. Dickerson had no previous experience with petitioner for the taxable years in question.

By letter to petitioner dated February 16, 2010 (February 16 letter), Ms. Dickerson scheduled a telephone conference with petitioner for April 13, 2010, requesting that someone from petitioner call her at a specific time. The letter requested that petitioner submit certain documents and information, including a Form 433-B, Collection Information Statement for Businesses, a signed tax return for 2009, and evidence of petitioner's having made estimated tax payments for 2009 and 2010. Petitioner provided no information in response to the February letter, and no one from petitioner contacted Ms. Dickerson at the time of (or with respect to) the scheduled telephone conference.

By letter to petitioner dated April 13, 2010 (April 13 letter), Ms. Dickerson advised petitioner of its failure to provide the requested information or make the requested telephone call. Ms. Dickerson gave petitioner until April 27, 2010, to provide the requested information for her consideration and stated that Appeals would (thereafter) promptly issue a determination.

On April 14, 2010, Tamara Ashford, Esq. (Ms. Ashford), petitioner's representative, left a voice mail message for Ms. Dickerson, stating that someone from petitioner had called her

that day and advised her that the individual had forgotten about the conference call scheduled for the day before.[1]  Ms. Dickerson faxed to Ms. Ashford a copy of the April 13 letter.

Ms. Ashford did provide Ms. Dickerson information and documents, under cover of her letter dated April 27, 2010 (Ashford letter).  In the Ashford letter, she states, among other things, that petitioner made no estimated tax payments for 2009 and, as of the date of the letter, had made none for 2010.  She also states that, pursuant to a request for extension of time to file, petitioner had not yet filed its 2009 return.  Copies of the extension request form and of a draft of the 2009 return accompanying the Ashford letter show "Tentative total tax" of zero (and no payment accompanying the extension request) on the extension request form and "Total tax" of $10,405 on the return (with no indication of any available credit or payment of tax).  Indeed, the draft 2009 return shows an estimated tax penalty of $150.

The Ashford letter states that, with respect to its 2003 through 2008 tax liabilities, petitioner "would like, and is prepared, to compromise these liabilities or enter into an

_____

[1]In its petition, petitioner avers:  "Petitioner was unaware of * * * [the February 16 letter] until April 14, 2010[,] because the letter was received initially by Petitioner's accountant and not forwarded to Petitioner until it was too late to reschedule the conference."  The February 16 letter is addressed to petitioner at the address, absent the suite number, petitioner listed as its address on the requests.

installment agreement to resolve these matters."  It does not, however, set forth the terms of any compromise or propose the terms of an installment agreement.

The Ashford letter also states, among other items, that it is accompanied by a completed Form 433-B.  The Form 433-B contains no entry under the heading "Accounts/Notes Receivable". It shows total monthly business income of $15,000 and total monthly business expenses of $14,197, the difference being $803. On a separate page accompanying the letter, monthly business income is stated to be $15,360, and monthly expenses total $14,012, the difference being $1,348.

Ms. Dickerson's case activity records state her conclusion that, because petitioner's submitted bank records show regular deposits from Lockheed Martin, there must have been an account receivable that was not shown on the submitted Form 433-B.  She notes the different statements of monthly business income and expenses (net income of either $803 or $1,348).  She notes petitioner's unpaid 2008 and 2009 Federal income tax and its failure to make estimated tax payments for 2009 and 2010.  She concludes that, because of its failures to pay both its past income tax liabilities and its current (2010) estimated income tax liabilities, "taxpayer continues to pyramid these liabilities".  She concludes that the requirements of applicable

law and administrative procedure have been met.  She determines that collection should proceed by lien and levy.

The determination is dated May 10, 2010, addresses 2003 and 2005 through 2008, is signed by D.A. Daigle, Team Manager, and contains the following summary of determination:

> Neither the taxpayer nor the representative called as scheduled for the conference.  After a last chance letter was issued, again requesting information be submitted, some of the information was received.  After review of the collection case file, master file record, and information submitted by the taxpayer, a determination was made to sustain the issuance of the Notice of Intent to Levy and Notice of Lien filing due to all legal and procedural requirements having been met.  The taxpayer did not submit complete financial information, or verification of current compliance with form 1120 estimated tax payments.  Therefore, the taxpayer was not eligible for a collection alternative and the case is being returned to the Collection function for the appropriate action.

Attached to the determination is a fuller explanation of the determination, apparently by Ms. Dickerson.  With respect to balancing the need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary, see sec. 6330(c)(3)(C), the attachment states:

> Although less intrusive alternatives such as offers and installment agreements exists [sic], the taxpayer's failure to make an acceptable proposal, submit complete financial information, and provide proof of current compliance with Form 1120 estimated tax payments, balances against them; and so while more intrusive, the Government's proposed levy action and the lien filing are appropriate, and the actions are sustained.

In response to the determination, petitioner timely filed the petition, asking that we review the determination "relating to Petitioner's federal income tax liabilities for the taxable years ended December 31, 2003 through December 31, 2008".[2]  The petition assigns as error only that respondent abused his discretion by issuing the determination.[3]  It prays that we determine that the notice is invalid and that petitioner is entitled to a collection due process or equivalent hearing.

## Discussion

I.  Introduction

Section 6331(a) authorizes the Secretary to levy against property and property rights when a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment.  Section 6331(d) requires the Secretary to send the taxpayer written notice of the Secretary's intent to levy, and

---

[2]Since the determination does not address 2004, there is nothing in the determination for us to review with respect to any collection action for that year.  See sec. 6330(d)(1).  We shall, therefore, with respect to 2004, dismiss this case for lack of jurisdiction.  See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

[3]Rule 331, concerning the commencement of a lien and levy action, addresses in par. (b) thereof the content of the petition.  Rule 331(b)(4) provides in pertinent part that the petition shall contain:  "Clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination.  Any issue not raised in the assignments of error shall be deemed to be conceded."  Respondent not objecting to the lack of specificity, we shall overlook it.

section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a hearing before Appeals at least 30 days before any levy.  A taxpayer receiving a notice of Federal tax lien has hearing rights similar to the hearing rights accorded to a taxpayer receiving a notice of intent to levy.  See sec. 6320(c).

After the hearing, an Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives the taxpayer proposed and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).

Where, as here, the underlying tax liability is not at issue, we review Appeals' determination for abuse of discretion.[4]  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  An Appeals officer abuses her discretion when she "takes action that is arbitrary or capricious, lacks sound basis in law, or is not justifiable in light of the facts and circumstances."  Willis v.

---

[4]Secs. 301.6320-1(f)(2), A-F3, and 301.6330-1(f)(2), A-F3, Proced. & Admin. Regs., provide that in seeking Tax Court review of a notice of determination, the taxpayer can ask the Court to consider only an issue that was raised in the taxpayer's sec. 6320 and/or 6330 hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).  Petitioner did not raise its underlying tax liabilities in the requests.

Commissioner, T.C. Memo. 2003-302 (citing Mailman v.
Commissioner, 91 T.C. 1079, 1084 (1988)).

II.  The Motions

In respondent's motion, he argues that Appeals (acting
through Ms. Dickerson) complied with the requirements of section
6330(c)(3) to (1) verify that the requirements of applicable law
and administrative procedure have been met, (2) consider issues
raised by petitioner, and (3) consider whether any proposed
collection action balances the need for the efficient collection
of taxes with the legitimate concern of the person that any
collection action be no more intrusive than necessary.  Because
Ms. Dickerson complied with the requirements of section
6330(c)(3), respondent continues, Appeals did not abuse its
discretion in sustaining the lien notice and determining to
proceed by levy to collect the unpaid taxes.  Therefore, he
concludes, respondent's motion should be granted.

In petitioner's objection, it argues that respondent's
motion should be denied because the "determination was in direct
violation of section 6330(c)(3)(C) [requiring consideration of
balance between efficient collection and intrusiveness of
collection means] and [therefore] constituted an abuse of
discretion."  In particular, petitioner argues that Ms. Dickerson
improperly precluded petitioner from entering into an installment
agreement because of its failure to pay estimated taxes.  It

- 11 -

further argues that Ms. Dickerson did not engage "in the 'thorough' review and analysis of petitioner's financial statements * * * required by section 6330" and therefore did not discover "that petitioner has the ability [to] pay approximately $1350 monthly" to satisfy "in a timely and reasonable manner" petitioner's liabilities.

Petitioner argues that its motion should be granted for the same reasons it argues that respondent's motion should be denied.

In respondent's objection, he claims:

[Ms. Dickerson] reviewed the information submitted at the last minute on behalf of petitioner.  The review by * * * [her] revealed discrepancies for both income and expense items between the information on Form 433-B, Collection Information Statement for Businesses, and data on a separate typed sheet.  The $1,350 amount proposed in the Motion is not expressed or otherwise deciphered from the administrative record for this case.  Additionally, an understatement of accounts receivable, an asset, on Form 433-B was also indicated from a review by * * * [Ms. Dickerson].  Finally, it was noted by * * * [her] that petitioner's Form 1120, U.S. Corporation Income Tax Return, for each of the taxable years 2008 and 2009 reported unpaid balances due, without any estimated tax payments, and petitioner's counsel admitted that no estimated corporate income tax payments were made for the taxable year 2010.  In sum, respondent's lien notice filing and proposed collection action were sustained.  [Fn. ref. omitted.]

Respondent argues that rejection of a proposed installment agreement because a taxpayer has not paid current taxes is not an abuse of discretion.

III.  Analysis

A.  Introduction

The levy notice, dated June 1, 2009, addresses 2003 and 2005 through 2007.  The levy request does not mention 2006 and 2007. The lien notice, dated July 30, 2009, addresses only 2008.  The lien request, dated August 1, 2009, addresses "2006-2008".  The determination addresses 2003 and 2005 through 2008.  While it seems to us that the lien request was not a timely response for 2006 and 2007 to the levy notice, see sec. 301.6330-1(c)(2), Proced. & Admin. Regs., respondent has not raised that point, and, since we sustain respondent's levy action anyway, we shall not further address the apparent anomaly.

B.  Discussion

Petitioner does not contest that, in making the determination, Ms. Dickerson complied with the requirements of section 6330(c)(3)(A) and (B) to (1) verify that the requirements of applicable law and administrative procedure have been met and (2) consider issues raised by petitioner.  It argues only that, in violation of section 6330(c)(3)(C), she erred in determining that the notice of lien and the proposed levy are no more intrusive than necessary.  In particular, it claims she erred in precluding petitioner from entering into an installment agreement because of its failure to pay estimated taxes.

We disagree.  The information available to Ms. Dickerson shows that petitioner had over $50,000 of unpaid taxes for years beginning in 2003.  It appears to have provided her an incomplete Form 433-B, and it did provide her with inconsistent financial information.  Ms. Ashford suggested an installment agreement, but she provided no terms.  Moreover, Ms. Dickerson's decision to preclude petitioner from entering into an installment agreement because of its failure to pay estimated taxes was based on applicable procedures contained in the Commissioner's Internal Revenue Manual (IRM).[5]  According to those procedures, in determining whether a taxpayer is eligible for an installment agreement an IRS employee must:

> Analyze the current year's anticipated tax liability. If it appears a taxpayer will have a balance due at the end of the current year, the accrued liability may be included in an agreement.  <u>Compliance with filing, paying estimated taxes, and federal tax deposits must be current from the date the installment agreement begins</u>. * * *

IRM pt. 5.14.1.4.1(19) (Sept. 26, 2008) (emphasis added).  Respondent avers, and petitioner does not deny, that petitioner made no estimated tax payments for 2010.

---

[5]The Internal Revenue Manual (IRM) provides procedures for entering into installment agreements that allow taxpayers to pay their tax liabilities over time.  See IRM ch. 5.14-Installment Agreements (2010).  That chapter contains criteria concerning taxpayer filing and compliance that must be considered before determining that the best method of paying delinquent taxes is through an installment agreement.  IRM pt. 5.14.1.4.1(1) (Sept. 26, 2008).

- 14 -

Estimated tax payments, intended to ensure that current taxes are paid, are a significant component of the Federal tax system, and Ms. Dickerson was entitled to rely on their absence in reaching her conclusions.  See Cox v. Commissioner, 126 T.C. 237, 258 (2006), revd. on other grounds 514 F.3d 1119 (10th Cir. 2008); Schwartz v. Commissioner, T.C. Memo. 2007-155.  In fact, petitioner's circumstances illustrate one of the reasons for requiring current compliance before granting collection alternatives such as an offer-in-compromise or an installment agreement; namely, the risk of pyramiding tax liability (i.e., that failure to pay current tax liabilities might result in an increasing total tax liability notwithstanding some payment of past tax liabilities).  See Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004).

IV.  Conclusion

Petitioner assigned error to the determination in only the most general terms.  In petitioner's motion and in petitioner's objection, it refines its assignment by claiming that the notice of lien and the proposed levy are more intrusive than necessary and that petitioner should have been allowed an installment agreement to pay its delinquent taxes.  For the reasons stated, we disagree on both counts.  Ms. Dickerson did not act arbitrarily or capriciously, nor did she lack sound basis in law, nor was her decision unjustifiable in the light of the facts and

circumstances in front of her.  She did not, therefore, abuse her discretion in recommending that the lien remain and that respondent may continue with the levy.  See <u>Willis v. Commissioner</u>, T.C. Memo. 2003-302.

Respondent is entitled to summary judgment in his favor.

<u>An appropriate order of dismissal for lack of jurisdiction with respect to 2004 and an order and decision will be entered</u>.