T.C. Memo. 2013-86

UNITED STATES TAX COURT

STANLEY COHEN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4629-12L.                                Filed March 28, 2013.

R moves for summary judgment that he may proceed with
collection of assessed tax and interest following a collection due
process hearing and a determination by R's Appeals Office (Appeals)
that a notice of Federal tax lien may stand. P objects on the basis that
there is a genuine dispute as to the material fact of whether Appeals
properly refused to settle his liability on the same terms allegedly
offered to other similarly situated taxpayers. He had raised the same
issue during a previous hearing following his receipt of a notice of
intent to levy.

1. <u>Held</u>: Appeals did not abuse its discretion in concluding that
P was making the same claim both during the levy hearing and in
response to the lien notice.

2. <u>Held</u>, <u>further</u>, whether in making his claim in response to the
lien notice P intended to raise a challenge to his underlying liability (for
tax and interest) or whether he intended to request a settlement of

[*2] that liability, he was precluded from raising the issue, under the first alternative pursuant to I.R.C. sec. 6330(c)(2)(B) and under the second alternative pursuant to I.R.C. sec. 6330(c)(4).

3. Held, further, it was harmless error for the settlement officer to rely on the former section rather than the latter.

Alvan Lee Bobrow, for petitioner.

Marc L. Caine, Diana P. Hinton, and Monica E. Koch, for respondent.

MEMORANDUM OPINION

HALPERN, Judge: This case is before the Court for review of a determination (determination) made by respondent's Appeals Office (Appeals) that a notice of Federal tax lien filed against petitioner was an appropriate action and that collection of unpaid Federal income tax and interest for petitioner's 1983, 1985, and 1986 taxable (calendar) years may proceed. We review the determination pursuant to sections 6320(c) and 6330(d)(1).[1] Respondent has moved for summary judgment in his favor (motion). Petitioner objects.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar.

[*3]                                    Background

The following facts are gathered from the pleadings, the motion and the

declaration of Settlement Officer Laurence Velazquez in support thereof, and

petitioner's objection.  There appears to be no disagreement as to those facts.

Following this Court's 2006 order and decision in Park Leasing Assocs.,

P'ship v. Commissioner, docket No. 15896-93, respondent in 2007 assessed the

following amounts with respect to petitioner:

| Year | Federal income tax | Interest |
|------|--------------------|----------|
| 1983 | $40,629 | $397,976 |
| 1985 | 10,257 | 48,853 |
| 1986 | 22,360 | 142,083 |

Because petitioner did not upon notice and demand pay the assessed amounts,

respondent took steps to collect, issuing to petitioner in 2008 a notice informing him

of respondent's intent to levy and of petitioner's right to request a section 6330

collection due process (CDP) hearing before Appeals (levy notice).  Petitioner

requested a hearing, setting forth in the request the following grounds for

disagreeing with the intended levy:  "The amount of the liability is excessive and

incorrect.  The taxpayer was an investor in a partnership.  The liability settled for

with the other partners was substantially less than the amount billed the taxpayer.

The taxpayer requests equal treatment."  Because petitioner's hearing request was

**[\*4]** not timely made, Appeals treated it not as a request for a CDP hearing but as a request for a so-called equivalent hearing.  See secs. 301.6320-1(i), 301.6330-1(i), Proced. & Admin. Regs. (describing the nature of an equivalent hearing).  During the equivalent hearing (levy hearing), petitioner's representative, Attorney Alvan L. Bobrow, raised the issue of interest abatement under section 6404(e), claiming that the other partners were offered a settlement that did not include tax-motivated transaction interest and that a similar settlement was not offered to petitioner.  Mr. Bobrow also questioned whether respondent had timely assessed the tax and interest that he was trying to collect.  He provided documentation of the settlement terms allegedly accorded other partners.  Appeals determined that the documentation that he presented failed to show that settlements had been offered to other partners in the partnership in issue.  Appeals determined that petitioner had not formally proposed any alternative to the levy action, and "[w]ithout an alternative to consider[,] levy action is appropriate."  Appeals also determined not to abate any interest since petitioner had "not established that a ministerial and/or managerial error was made", a requirement for interest abatement pursuant to section 6404(e)(1)(A).  In November 2009, Appeals issued to petitioner a decision letter summarizing its decisions.  Petitioner attempted to invoke our jurisdiction for, among others, the purpose of our reviewing the decision letter.  We dismissed

**[\*5]** the case for lack of jurisdiction.  <u>Cohen v. Commissioner</u>, docket No. 19184-10L.

Subsequently, in 2010, someone in respondent's collection function determined that, to assist collection of the unpaid assessments, respondent would issue to petitioner a notice of Federal tax lien.  On May 11, 2010, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice).  The lien notice was with respect to the same assessments of tax and interest that were the grounds for the levy notice.  In response to the lien notice, petitioner (by his attorney, Mr. Bobrow) timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (lien hearing request form).  On that form, petitioner checked the box identifying the notice of Federal tax lien as the basis for his hearing request.  In the section requiring him to check the most appropriate box describing his reason for disagreeing with the tax lien, he did not check one of the boxes asking for a collection alternative (i.e., installment agreement or offer-in-compromise).  He checked the box "Other" and wrote in the following reason:  "Taxpayer was not treated the same as other partners who received settlement offers from the Tax Appeals Office."

**[*6]** Settlement Officer Laurence Velazquez conducted most of petitioner's CDP hearing (lien hearing). He had had no prior involvement with petitioner with respect to the unpaid tax at issue. He verified that all relevant requirements of law or administrative procedure had been satisfied. On March 10, 2011, he entered in the case activity record that petitioner "was previously granted an Equivalent Hearing on these tax periods for proposed levy action. * * * The liabilities remain[] due and owing". He noted that, on the lien hearing request form, petitioner raised "the same issue that was raised during the * * * [equivalent hearing] Levy case." He added:

> On 6/3/2009 a conference was held with your Power of Attorney, Alvan Bobrow. During the conference, the POA raised the issue of interest abatement under IRC § 6404(e) claiming that the other partners were offered a settlement in 1988 that did not include the charging of Tax Motivated Interest and that this settlement was not offered to you.

> This issue is now precluded as it is a challenge to the underlying liability and the taxpayer was given the opportunity to challenge this issue during the prior hearing.

On January 10, 2012, Mr. Velazquez entered in the case activity record: "There is no evidence that the filing of the Notice of Federal Tax Lien was improper. The taxpayer did not formally propose any collection alternatives. The filing is upheld." Three days later, the determination followed, in the form of a

**[*7]** Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice).[2]

When he filed the petition, petitioner resided in New York State. In the petition, he asks "for a redetermination of the deficiency set forth" in the notice. He claims: "The determinations of tax and additions to tax set forth in the notice are based on the following error[]: * * * Petitioner was not responsible for the full amount of interest assessed because he was not tendered a settlement offer before commencement of litigation." Petitioner avers: "The Respondent discriminated against the Petitioner by not offering him a settlement offer and closing agreement of the type offered to other investments [sic] (in the same or related partnerships) in which Petitioner invested." Petitioner prays that we determine that he "has no obligation to pay any additional interest; or that * * * [he] has a right to a Collection Due Process Hearing on the substantive issue".

---

[2]The notice is signed by Appeals Team Manager John O'Dea. Under the heading "Summary of Determination", it says only: "There is no evidence that the filing of the Notice of Federal Tax Lien was improper. You did not formally propose any collection alternatives. The filing is upheld." Enclosed with the notice is an attachment that appears to be Mr. Velazquez's memorandum supplying the detail behind the summary. Moreover, Mr. Velazquez made an entry in the case activity record stating that he prepared the case closing documents. We will, therefore, sometimes speak in terms of Mr. Velazquez's determination (to sustain the lien notice and to proceed with collection).

**[*8]**                                        <u>Discussion</u>

I.       <u>Introduction</u>

    A.       <u>The Motion</u>

The gravamen of the motion is that, following the lien hearing, Mr. Velazquez correctly determined to proceed with collection because petitioner had offered no collection alternative and had raised only a challenge to the amount of his underlying liability, which he could not do because, previously, at the levy hearing, he had had the opportunity to dispute his underlying liability. <u>See</u> sec. 6330(c)(2)(B). Respondent considers petitioner's claim that he is not responsible for the full amount of interest assessed because he was not tendered a settlement offer before commencement of litigation as raising a challenge to his underlying liability. Petitioner objects to the motion on the ground that "[a] material question of fact exists whether Respondent properly considered Petitioner's request for similar treatment to other partnerships [sic] as a settlement alternative and not as a challenge to his liability."

    B.       <u>Summary Judgment</u>

Summary judgment is a procedure used to expedite litigation; it is intended to avoid unnecessary and expensive trials. It is not, however, a substitute for trial; it should not be used to resolve genuine disputes over issues of material fact. <u>E.g.</u>,

**[*9]** <u>Vallone v. Commissioner</u>, 88 T.C. 794, 801 (1987).  A motion for summary judgment will be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  "The moving party bears the burden of proving that there is no genuine issue of material fact, and the Court will draw any factual inferences in the light most favorable to the nonmoving party."  <u>Anonymous v. Commissioner</u>, 134 T.C. 13, 15 (2010).

  C.  <u>Collection Procedures</u>

The following provisions of the Internal Revenue Code and the regulations concerning procedures for collection of taxes are pertinent.

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a person liable for tax (taxpayer) when there exists a failure to pay the tax after demand for payment.  The lien generally arises at the time assessment is made.  Sec. 6322.

Section 6323 provides that the lien shall not be valid against certain persons until the Secretary files a notice of lien with the appropriate public officials.

**[*10]** Section 6320 sets forth procedures requiring the Secretary to give the taxpayer notice that the lien has been filed and the opportunity for a hearing before Appeals.

Section 6320(c) directs that, in general, the hearing is to be conducted in accordance with the procedures specified in section 6330(c), (d), (e), and (g).

Section 6330(c)(2)(A)(iii) provides in pertinent part that the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax * * * including * * * offers of collection alternatives, which may include * * * an offer-in-compromise."

Section 6330(c)(2)(B) provides that the taxpayer "may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

Section 6330(c)(4)(A) provides in pertinent part that "[a]n issue may not be raised at the hearing if * * * the issue was raised and considered * * * [in a] previous administrative or judicial proceeding; and * * * the person seeking to raise the issue participated meaningfully in such hearing or proceeding".

**[\*11]** Section 301.6320-1(e)(1), Proced. & Admin. Regs., is specific to a CDP hearing following the issuance of a notice of Federal tax lien, and it provides in pertinent part: "[T]he taxpayer may not raise an issue that was raised and considered at a previous CDP hearing under section 6330 or in any other previous administrative or judicial proceeding if the taxpayer participated meaningfully in such hearing or proceeding."

Section 6330(c)(3)(B) requires that Appeals' determination following a hearing take into account the issues raised at the hearing by the taxpayer.

D.      Scope of Review

When a taxpayer's underlying liability is properly before us following a CDP hearing, we review the underlying liability de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Otherwise, generally, we review Appeals' determination of the matters raised at the hearing for abuse of discretion.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001).  Appeals abuses its discretion if its determination was arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**[*12]** E.    Arguments of the Parties

Respondent argues that the only issue petitioner raised in the lien hearing was his claim that he "was not responsible for the full amount of interest assessed because he was not tendered a settlement offer before the commencement of litigation."  Respondent continues:  "This statement appears to be a challenge to the underlying tax liabilities, which the petitioner had the opportunity to raise at the * * * [the levy hearing].  Therefore, the petitioner is now precluded from challenging the underlying liabilities and assessment of interest.  I.R.C. § 6330(c)(2)(B)."

Petitioner counters:

> The Court must view the statements in Petitioner's adminis-
> trative file and the Petition in the light most favorable to Petitioner.
> * * * Thus, it can be inferred from Petitioner's statements in his CDP
> Request and Petition that he was not challenging his underlying
> liability, but was instead offering to settle the case.  Taking these
> inferences into account, summary judgment is inappropriate because
> Respondent has not shown that the requirements of sections 6320 and
> 6330 have been met.

In other words, petitioner argues that respondent misidentified the issue he raised in the lien hearing, which was not his underlying liability for tax and interest for 1983, 1985, and 1986, but, rather, was his offer to settle his case.  He adds:

> It is reasonable to infer from the statement on Petitioner's CDP
> Request that he was attempting to settle his case, and not challenge

[*13] the underlying liability. This is not an unreasonable inference: Petitioner's statements provide a reasonable estimation of how much Petitioner was willing to settle for, namely the settlement offer given to other partnerships.

Petitioner concludes:

> In order to be entitled to summary judgment, Respondent must show that there are no material facts at issue, and that he is entitled to judgment as a matter of law. Respondent cannot meet this burden, because a question of material fact exists whether statements contained in Petitioner's CDP Request and Petition should be treated as a settlement offer. Accordingly, Respondent's Motion must be denied.

II.     Discussion

Mr. Velazquez's conclusion that petitioner was attempting to raise a challenge to the amount of his underlying tax liability is understandable since, on the lien hearing request form, petitioner did not identify an offer-in-compromise or other collection alternative as his reason for disagreeing with the lien notice. He claimed only that he had not been treated the same as other partners who were offered settlements. How Mr. Velazquez pigeonholed the claim, however, is unimportant. To the extent petitioner was raising a liability challenge, Mr. Velazquez was correct in concluding that section 6330(c)(2)(B) precluded him from doing so, since he had the opportunity to dispute his liability in response to the levy notice. To the extent he was asking to settle his liability or to

**[*14]** compromise the interest assessments, those were the identical issues petitioner

had raised during the levy hearing, and the question is one of whether sections

6320(c) and 6330(c)(4) precluded him from again raising them during the lien

hearing.

As stated <u>supra</u>, section 301.6320-1(e)(1), Proced. & Admin. Regs., is

specific to a CDP hearing following a notice of Federal tax lien.  In pertinent part, it

states that a taxpayer may not raise at the hearing an issue that was raised and

considered (1) "at a previous CDP hearing under section 6330", or (2) "in any other

* * * administrative * * * proceeding", and (3) the person participated meaningfully

in the previous hearing or proceeding.

Because in response to the levy notice petitioner did not timely request a

CDP hearing, the levy hearing was an equivalent hearing, which, technically, may

not be a "CDP hearing under section 6330".  We have held, however, that an

equivalent hearing is "indisputably an 'administrative * * * proceeding' within the

meaning of section 6330(c)(4)" (and, by inference, section 301.6320-1(e)(1),

Proced. & Admin. Regs.).  <u>See</u> <u>West v. Commissioner</u>, T.C. Memo. 2010-250,

2010 WL 4780323, at *4.  Thus, the levy hearing was at least an administrative

proceeding within the meaning of section 301.6320-1(e)(1), Proced. & Admin.

Regs., and there is no doubt that petitioner claimed at the levy hearing that he had

**[*15]** not been treated the same as other partners who were offered settlements. Indeed, one of his grounds for requesting the levy hearing was: "The taxpayer was an investor in a partnership. The liability settled for with the other partners was substantially less than the amount billed the taxpayer. The taxpayer requests equal treatment." Also, during the levy hearing petitioner's representative, Mr. Bobrow, raised the issue of interest abatement and claimed that the other partners were offered a settlement with respect to interest that was not offered to petitioner. Appeals' decision letter following the levy hearing shows that Appeals considered and rejected both petitioner's settlement claim and his interest abatement claim. Finally, there is ample evidence that petitioner, by way of his representative, Mr. Bobrow, participated meaningfully in the levy hearing.

Petitioner's reason set forth in the lien hearing request form for disagreeing with the lien notice was that he had not been treated the same as other partners who were offered settlements. Whether his claim was that he had not been offered an equivalent settlement or whether his claim was for an abatement of interest, or both, those claims were thoroughly aired at the levy hearing.[3] Section 301.6320-

_____

[3]It is unclear whether, in assigning error to the determination, petitioner is claiming that Appeals erred in disregarding his claim for sec. 6404(e) interest abatement independent of his claim that Appeals erred in disregarding his offer to

(continued...)

**[\*16]** 1(e)(1), Proced. & Admin. Regs., precluded petitioner from raising those issues at the lien hearing.  Mr. Velazquez may have erred in concluding that petitioner was challenging his underlying liability, but that was harmless error, since preclusion was required by the regulations.  Petitioner makes no claim that section 301.6320-1(e)(1), Proced. & Admin. Regs., is invalid.  Error is harmless when it causes no prejudice or does not affect the ultimate determination in the case.  See, e.g., Perkins v. Commissioner, 129 T.C. 58, 70-71 (2007); Watchman v. Commissioner, T.C. Memo. 2012-113.  Harmless error does not give rise to an abuse of discretion.  See Perkins v. Commissioner, 129 T.C. at 70-71.

No genuine dispute as to any material fact stands in the way of our summarily determining as a matter of law that the determination should stand and that respondent may proceed with collection.  Petitioner's assignment of error to the determination is that respondent erred in determining to proceed with collection of the assessed amounts because he failed to extend to petitioner a settlement offer that, allegedly, he had extended to others.  We have determined that Appeals was precluded from considering that issue during the lien hearing.  Petitioner assigns no

---

[3](...continued)
settle his case.  He neither mentions sec. 6404(e) nor avers facts establishing his right to abatement.  In any event, for the reasons set forth in the text, petitioner was precluded by sec. 6330(c)(4) from making a claim for either during the lien hearing.

**[*17]** other error to the determination. The determination must stand. Petitioner had the CDP hearing to which he was entitled.

III.    Conclusion

To reflect the foregoing,

An appropriate order and decision

will be entered for respondent.