T.C. Memo. 2016-13

UNITED STATES TAX COURT

CORNELIUS ALLEN AND AMYE J. ALLEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30963-14L.                           Filed January 21, 2016.

Ps requested an Appeals hearing after receiving a notice of intent to levy for their 2011 taxable year.  The IRS Appeals Office determined to proceed with collection of Ps' unpaid Federal income tax for that year, and Ps petitioned for review of that determination. R moved for summary judgment on the grounds that Ps are not entitled to challenge their underlying tax liability and have raised no other issue regarding R's determination.  R claims that Ps cannot challenge their underlying tax liability for 2011 because they received a notice of deficiency for that year and also failed to raise the merits of their liability at their Appeals hearing.

Held:  Ps' denial of receipt of a notice of deficiency presents a genuine question of material fact sufficient to require denial of R's motion.

Held, further, Ps' claim that the settlement officer who conducted their Appeals hearing refused to consider their underlying liability and would not discuss the issue raises a genuine question of

[*2] material fact regarding the adequacy of the opportunity provided to Ps to challenge their liability and thus provides an additional ground for denial of R's motion.

Zakeya L. Brookins, for petitioners.

Halvor R. Melom and Kim-Khanh Thi Nguyen, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This collection due process (CDP) case is before us to review a determination by the Internal Revenue Service (IRS) Appeals Office to proceed with collection by levy of petitioners' unpaid Federal income tax for 2011. Respondent has moved for summary judgment on the grounds that petitioners are not entitled to challenge their underlying tax liability and have raised no other issue regarding respondent's determination.  We will deny respondent's motion. Unless otherwise stated, all section references are to the Internal Revenue Code in effect at all relevant times.

Summary Adjudication

Summary judgment expedites litigation:  It is intended to avoid unnecessary and expensive trials.  It is not, however, a substitute for trial and should not be

[*3] used to resolve genuine disputes over issues of material fact. E.g., Vallone v. Commissioner, 88 T.C. 794, 801-805 (1987). The moving party has the burden of showing the absence of a genuine issue of material fact. E.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010). For these purposes, we afford the party opposing the motion the benefit of all reasonable doubt, and we view the material submitted by both sides in the light most favorable to the opposing party. That is, we resolve all doubts as to the existence of an issue of material fact against the movant. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Dreher v. Sielaff, 636 F.2d 1141, 1143 n.4 (7th Cir. 1980); Kroh v. Commissioner, 98 T.C. 383, 390 (1992).

Appeals Hearing

Sections 6320 and 6330 provide a taxpayer the right to notice and the opportunity for an Appeals hearing before the Commissioner can collect unpaid taxes by means of a lien or levy against the taxpayer's property. At that hearing, the taxpayer can challenge the existence or amount of his or her underlying tax liability for any period only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Petitioners requested an Appeals hearing after receiving a notice of intent to levy for their 2011 taxable year. On November

[*4] 4, 2014, Settlement Officer Linda Dirma held a teleconference with petitioners' attorney, Zakeya L. Brookins.

Respondent's Arguments

Respondent advances "two separate and independent reasons" petitioners cannot challenge their underlying tax liability for 2011: "(1) they received a statutory notice of deficiency and (2) they failed to properly raise the merits of that liability during the CDP hearing." Because the validity of each of respondent's legal arguments turns on the resolution of disputed questions of fact, we will deny his motion for summary judgment.

Petitioners' Receipt of a Notice of Deficiency

Respondent's first argument does not entitle him to summary judgment because petitioners deny having received a notice of deficiency for 2011. Therefore, petitioners' receipt of such a notice presents a genuine question of material fact. See Garrett v. Commissioner, T.C. Memo. 2015-228. Respondent claims that petitioners admitted having received a notice of deficiency in their request for a CDP hearing when they stated: "We have not had another opportunity to disagree and dispute the deficiency notice." Respondent argues that, "[b]y asserting they disagreed with the notice of deficiency for taxable year 2011, petitioners implicitly admitted that they received it."

**[*5]** Unlike respondent, we view petitioners' statement of dispute with the notice of deficiency as ambiguous. That statement need not be read as an admission of having received the notice. Petitioners may have meant to express their disagreement not with the notice of deficiency as such but, instead, with the liability asserted in the notice. Moreover, any inference that might be drawn from petitioners' statement of dispute with the notice of deficiency is outweighed by their unambiguous claim, in response to respondent's motion for summary judgment, that they "have not had an opportunity to challenge their underlying liability in this case." Therefore, we conclude that petitioners' receipt of a notice of deficiency for their 2011 tax year presents a genuine question of material fact.[1]

The Adequacy of Petitioners' Opportunity To Challenge Their Underlying Liability

As noted, respondent argues that, even if petitioners did not receive a notice of deficiency for 2011, they cannot challenge their liability for that year because they did not properly raise the issue in their CDP hearing. Section 301.6330-

---

[1] Although respondent's motion for summary judgment refers to evidence of the mailing of a notice of deficiency to petitioners, respondent does not explicitly invoke the presumption that items mailed were received by the addressee. Instead, respondent relies on petitioners' alleged admission of receipt. In any event, petitioners' denial of receipt would be sufficient to rebut the presumption and raise a genuine issue of material fact for the reasons stated in Garrett v. Commissioner, T.C. Memo. 2015-228.

[*6] 1(f)(2), Q&A-F3, Proced. & Admin. Regs., provides: "In seeking Tax Court review of a Notice of Determination, the taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing." Our jurisdiction under section 6330(d) is limited to reviewing determinations made by the IRS Appeals Office and, as we explained in Giamelli v. Commissioner, 129 T.C. 107, 113 (2007), "if an issue is never raised at the hearing, it cannot be a part of the Appeals officer's determination." But cf. Hoyle v. Commissioner, 131 T.C. 197 (2008) (regarding section 6330(c)(1) verification issues). Moreover, merely requesting consideration of an issue is insufficient to "properly" raise it in a CDP hearing. The regulations further provide: "An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals, or if consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Gentile v. Commissioner, T.C. Memo. 2013-175, at *6, aff'd, 592 F. App'x 824 (11th Cir. 2014).

According to respondent, "petitioners failed to submit any evidence to Settlement Officer Dirma with respect to their underlying liability." Moreover,

**[\*7]** respondent alleges that Ms. Brookins "expressly admitted that petitioners could not raise the issue of their underlying liability in the Appeals hearing".

In a declaration attached to petitioners' response to respondent's motion for summary judgment, however, Ms. Brookins claims that "[t]he Settlement officer refused to consider the underlying liability and would not discuss the issue." Therefore, the parties apparently disagree on whether Settlement Officer Dirma provided petitioners with a reasonable opportunity to present evidence regarding their underlying tax liability. The adequacy of the opportunity provided to petitioners to challenge their tax liability is also a genuine issue of material fact that requires denial of respondent's motion.

For the reasons explained above, we conclude that petitioners' receipt of a notice of deficiency for their 2011 taxable year and the adequacy of the opportunity provided at the Appeals hearing to challenge their tax liability for that year present genuine questions of material fact to be decided at trial. Consequently, we will deny respondent's motion for summary judgment.

<u>An order will be issued denying respondent's motion for summary judgment</u>.