GORDON AND LORNA KAUFMAN, PETITIONERS *v*.
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 15997–09.          Filed April 26, 2010.

In 2003, Ps transferred a facade easement and cash to a qualified organization. With respect to the facade easement contribution, Ps claimed a charitable contribution deduction in 2003 and a corresponding carryover deduction in 2004; with respect to the cash contribution, Ps claimed a charitable contribution deduction in 2003. R disallowed the deductions, which led to deficiencies. R also determined accuracy-related penalties under sec. 6662, I.R.C. R has moved for summary judgment. Ps object.

1. *Held*: With respect to the facade easement contribution, Ps have failed to raise any genuine issue of material fact regarding their compliance with sec. 1.170A–14(g)(6)(ii), Income Tax Regs. Because the facade easement contribution fails to satisfy the requirement in that provision, the interest in property conveyed by the facade easement was not protected in perpetuity. Thus, the facade easement contribution was not a qualified conservation contribution under sec. 170(h), I.R.C., see sec. 170(h)(2)(C), (5)(A), I.R.C., and Ps are not entitled to any deduction therefor, see sec. 170(f)(3), I.R.C.

182

2. *Held*, *further*, Ps have raised genuine issues of material fact with respect to the cash contribution and the accuracy-related penalties under sec. 6662(a), I.R.C.

*Michael E. Mooney*, *Julie Pruitt Barry*, and *Eleanor E. Farwell*, for petitioners.
*Carina J. Campobasso*, for respondent.

OPINION

HALPERN, *Judge*: Respondent has determined deficiencies in, and penalties with respect to, petitioners' Federal income tax, as follows: [1]

*Penalties*

| Year | Deficiency | Sec. 6662(a) | Sec. 6662(h) |
|------|-----------|--------------|--------------|
| 2003 | $39,081 | $1,097 | $13,439 |
| 2004 | 36,340 | - - - | 14,536 |

In 2003, petitioners contributed a facade easement and cash to the National Architectural Trust (NAT). With respect to the facade easement contribution, petitioners claimed a charitable contribution deduction in 2003 and a corresponding carryover deduction in 2004; with respect to the cash contribution, they claimed a charitable contribution deduction in 2003. Respondent disallowed those deductions, which led to the deficiencies. With respect to the portions of the underpayments of tax in 2003 and 2004 attributable to the facade easement contribution, respondent determined accuracy-related penalties of 40 percent for a gross valuation misstatement under section 6662(h); in the alternative, he determined accuracy-related penalties of 20 percent [2] for negligence, substantial understatement of income tax, and substantial valuation misstatement under section 6662(a). With respect to the portion of the underpayment of tax in 2003 attributable to the cash contribution, respondent determined an accuracy-related penalty of 20 percent for negligence and substantial understatement of income tax under section 6662(a).

_____

[1] Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all amounts to the nearest dollar.

[2] That is, half the amounts under sec. 6662(h) in the table above.

Respondent has moved for summary judgment (the motion). Petitioners object (the response). At our request, petitioners also filed a supplement to the response (the supplement). We shall grant the motion only with respect to the facade easement contribution. With respect to the cash contribution and the penalties, we shall deny the motion.

## *Background*

At the time they filed the petition, petitioners lived in Massachusetts. The property here in question is a single-family rowhouse located in a historic preservation district in Boston. In December 2003, petitioners entered into a preservation restriction agreement (the agreement) with NAT pursuant to which petitioners granted to NAT a facade easement restricting the use of the property. NAT also required petitioners to make a cash contribution, calculated as a percentage of the estimated value of the facade easement, to provide for "monitoring and administration" of the facade easement. Later that month, petitioners contributed $16,840 to NAT,[3] and NAT accepted the agreement. At the time of the contributions, Washington Mutual Bank, FA (the bank), held a mortgage on the property.

On their 2003 Federal income tax return, petitioners claimed a charitable contribution deduction of $220,800 for the contribution of the facade easement. Because of the limitations on charitable contribution deductions in section 170(b)(1)(C), petitioners claimed a charitable contribution deduction with respect to the facade easement of only $103,377. Petitioners also claimed a charitable contribution deduction of $16,870 for the cash contribution, notwithstanding that the cash contribution was only $16,840.

On their 2004 Federal income tax return, petitioners claimed a carryover charitable contribution deduction of $117,423 related to the facade easement contribution.

---

[3] Previously, in October 2003, as part of their preservation restriction agreement application, petitioners had made a $1,000 "good faith deposit".

*Discussion*

## I. *Introduction*

We may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). In pertinent part, Rule 121(d) provides: "When a motion for summary judgment is made and supported * * *, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine issue for trial."

Respondent has moved for summary judgment, and so we infer facts in the manner most favorable to petitioners. See, e.g., *Anonymous v. Commissioner*, 134 T.C. 13, 15 (2010) (citing *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985)).

## II. *The Facade Easement Contribution*

Section 170 allows a deduction for any charitable contribution, subject to certain limitations, that the taxpayer makes during the taxable year. In general, section 170(f)(3) denies any deduction for a contribution of an interest in property that is less than the taxpayer's entire interest in the property. One exception to that general rule, however, is for a qualified conservation contribution. Sec. 170(f)(3)(B)(iii). Under section 170(h)(1), a qualified conservation contribution must be a contribution of a "qualified real property interest * * * exclusively for conservation purposes."[4] The interest in property conveyed by a facade easement must be protected in perpetuity for the contribution of the easement to be a qualified conservation contribution. Under section 170(h)(2)(C), a qualified real property interest must be "a restriction (granted in perpetuity) on the use which may be made of the real property." See also sec. 1.170A–14(b)(2), Income Tax Regs. Under section 170(h)(5)(A), "A contribution shall not be treated as exclusively for conservation purposes unless the

---

[4] The other requirement is that the contribution be to a "qualified organization". See sec. 170(h)(1)(B). Respondent concedes that, at the time of the contributions, NAT was a qualified organization under sec. 170(h)(3).

conservation purpose is protected in perpetuity." See also sec. 1.170A–14(a), Income Tax Regs.

If the facade easement was not protected in perpetuity, then its contribution was not a qualified conservation contribution, and petitioners are not entitled to any deduction therefor. Section 1.170A–14(g)(6)(ii), Income Tax Regs., requires that, at the time of the gift, the donor must agree that the donation of the perpetual conservation restriction gives rise to a property right, immediately vested in the donee organization, with a fair market value that, at the time of the gift, is at least equal to the proportionate value that the perpetual conservation restriction bears to the value of the property as a whole. Moreover, section 1.170A–14(g)(6)(ii), Income Tax Regs., states in pertinent part:

when a change in conditions give rise to the extinguishment of a perpetual conservation restriction * * *, the donee organization, on a subsequent sale, exchange, or involuntary conversion of the subject property, must be entitled to a portion of the proceeds at least equal to that proportionate value of the perpetual conservation restriction * * *

Petitioners concede that the property had a mortgage and that the bank retained a "prior claim" to all proceeds of condemnation and to all insurance proceeds as a result of any casualty, hazard, or accident occurring to or about the property. Moreover, petitioners do not dispute that the bank was entitled to those proceeds "in preference" to NAT until the mortgage was satisfied and discharged. The right of NAT to its proportionate share of future proceeds was thus not guaranteed. Petitioners argue that whether NAT would receive its proportionate share of any proceeds is a question of fact. In effect, petitioners argue that they have satisfied the requirement in section 1.170A–14(g)(6)(ii), Income Tax Regs., because NAT *might* be entitled to its proportionate share of future proceeds. Yet that provision states that the donee organization *must* be so entitled. See *id.* The requirement is not conditional. Petitioners cannot avoid the strict requirement in section 1.170A–14(g)(6)(ii), Income Tax Regs., simply by showing that they would most likely be able to satisfy both their mortgage and their obligation to NAT. The facade easement contribution thus fails to satisfy the requirement in section 1.170A–14(g)(6), Income Tax Regs., and so

fails to satisfy the enforceability in perpetuity requirement under section 170(h)(2)(C) and (5)(A).

The facade easement contribution thus fails as a matter of law to comply with the enforceability in perpetuity requirements under section 1.170A–14(g), Income Tax Regs. For that reason, we find that the facade easement contribution was not protected in perpetuity and so was not a qualified conservation contribution under section 170(h)(1). [5] We shall grant the motion with respect to the facade easement contribution.

## III. *The Cash Contribution*

Respondent argues that we should disallow the charitable contribution deduction for the cash contribution for two reasons. First, respondent argues that the cash contribution was a conditional gift and so violated section 1.170A–1(e), Income Tax Regs. Second, respondent argues that the cash contribution was part of a quid pro quo and so violated the rule of *Hernandez v. Commissioner*, 490 U.S. 680 (1989). Petitioners, however, raise genuine issues of material fact with respect to both arguments.

First, section 1.170A–1(e), Income Tax Regs., states:

If as of the date of a gift a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible. * * *

In neither the response nor the supplement do petitioners dispute that the cash contribution was a conditional gift; that is, petitioners seem to concede that the agreement required NAT to refund the cash contribution if the appraisal found the facade easement to have no value.

Petitioners, however, rely on the exception (quoted above) in section 1.170A–1(e), Income Tax Regs. They argue that the possibility that the charitable transfer would not become effective—that is, the possibility that the appraisal would find the facade easement to have no value—was "so remote as to be negligible." See *id.* Moreover, according to petitioners, that inquiry is inherently factual. We agree.

---

[5] We therefore need not address respondent's additional arguments that we should disallow the charitable contribution deduction for the facade easement contribution.

Second, under *Hernandez v. Commissioner*, *supra*, a transfer is not a charitable contribution if it is part of a quid pro quo. Respondent argues that the cash contribution was payment for a service. Respondent seems to argue that, in return for the cash contribution, NAT accepted the facade easement contribution so that petitioners could claim a charitable contribution deduction. Even if NAT required petitioners to make the cash contribution, however, we are not convinced that that is sufficient to deny a charitable contribution deduction under *Hernandez*. [6]

Because petitioners raise genuine issues of material fact regarding the cash contribution, we shall deny the motion with respect to the cash contribution.

## IV. *Accuracy-Related Penalties*

Respondent concedes that "if the facade easement contribution is disallowed as a matter of law * * *, the gross misstatement valuation (and the substantial valuation misstatement) penalties would not apply." We accept his concession. For both the facade easement contribution and the cash contribution, we must decide only whether to sustain the accuracy-related penalties of 20 percent for negligence and substantial understatement of income tax under section 6662(a). Because petitioners raise genuine issues of material fact regarding the applicability of the reasonable cause defense to the penalties, we must deny the motion with respect to those penalties.

Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed with respect to any portion of an underpayment if the taxpayer shows that there was reasonable cause for that portion and the taxpayer acted in good faith with respect to that portion. Further:

The determination of whether a taxpayer acted with reasonable cause and in good faith is made * * * case-by-case * * *, taking into account all pertinent facts and circumstances. * * * Reliance on * * * professional advice * * * constitutes reasonable cause and good faith if, under all the

---

[6] Respondent does not explicitly allege fraud or collusion. That is, he does not state (although he implies) that the cash contribution was a payment to NAT for its compliance in helping petitioners claim a deduction for the facade easement—a deduction that, respondent implies, both NAT and petitioners knew was illegitimate because the facade easement itself was worthless. Nonetheless, even if respondent did so argue, petitioners have alleged enough facts to raise a genuine issue as to fraud or collusion.

circumstances, such reliance was reasonable and the taxpayer acted in good faith. * * *

Sec. 1.6664–4(b)(1), Income Tax Regs.; see also sec. 1.6664–4(c), Income Tax Regs. ("Reliance on opinion or advice").

Respondent argues that petitioners may not, as a matter of law, rely on the reasonable cause exception.[7] In so concluding, respondent relies on communications between Mr. Kaufman and a representative of NAT that suggest Mr. Kaufman had reason to believe the facade easement in fact had no value. Petitioners assert that the significance of those communications must be determined in the light of all the relevant facts and circumstances, and we agree. Petitioners argue that they relied on the advice of their accountant. Petitioners argue that at trial (1) their accountant would testify to show that they had reasonable cause for claiming a charitable contribution deduction for their contributions to NAT of the facade easement and the cash and (2) they themselves would testify as to their understanding of the value of the facade easement and their good faith belief that their contribution was a qualified conservation contribution under section 170(h)(1).

Because petitioners raise genuine issues of material fact regarding the applicability of the reasonable cause exception to the accuracy-related penalties, we shall deny the motion with respect to those penalties.

### V.  *Conclusion*

For the reasons stated, we shall grant the motion with respect to the facade easement contribution. With respect to the cash contribution and the penalties, we shall deny the motion.

*An appropriate order will be issued.*

---

[7] Respondent also argues that petitioners may not, as a matter of law, rely on the substantial authority exception under sec. 6662(d)(2)(B)(i). Because we find that petitioners have raised a genuine issue of material fact as to the applicability of the reasonable cause defense, we need not address the substantial authority exception.