T.C. Memo. 2012-169

UNITED STATES TAX COURT

FREDERICK M. WALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17209-09.                    Filed June 18, 2012.

Frederick M. Wall, pro se.

<u>Julie A. Jebe</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal

income tax for 2003 and 2004 of $39,525 and $34,141, respectively, and accuracy-

related penalties under section 6662(h) of $15,810 and $13,656, respectively.[1]

---

[1]All section references are to the Internal Revenue Code of 1986, as in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

In 2003 petitioner contributed a preservation easement encumbering certain elements of his personal residence to Landmarks Preservation Council of Illinois (LPCI).  With respect to the preservation easement contribution, petitioner claimed a charitable contribution deduction for 2003 and a corresponding carryover deduction for 2004.  Respondent disallowed those deductions and determined the deficiencies at issue and accuracy-related penalties of 40% for a gross valuation misstatement under section 6662(h).

Pending before us is respondent's motion for summary judgment under Rule 121.  Therein he concedes that the accuracy-related penalties should not be imposed if petitioner's deductions are disallowed as a matter of law.  Petitioner was afforded an opportunity to respond but failed to do so.  For the reasons set forth below, we shall grant respondent's motion.

## Background

The facts set forth below are based upon examination of the pleadings and the moving papers, declaration, and exhibits respondent submitted.[2]  Petitioner resided in Illinois at the time he filed the petition.

---

[2]Attached as exhibits to respondent's declaration are various documents related to a preservation easement agreement into which petitioner entered. Petitioner has not disputed the authenticity, completeness, or relevance of these documents.

The property at issue is a single-family house in a historic district in Evanston, Illinois. On December 10, 2003, petitioner and Cynthia M. Keiser[3] entered into a preservation easement agreement with LPCI wherein they granted LPCI an easement for the purpose of protecting certain architecturally significant elements of the house (facade easement). At the time the agreement was entered into, Bank of America and First Bank & Trust held mortgages on the property.

An appraisal in December 2003 valued petitioner's contribution of the facade easement at $400,000. The appraisers calculated the value of the contribution by subtracting the market value of the property subject to the facade easement from the value of the property unburdened by the easement.

Petitioner reported a $400,000 noncash charitable contribution on his 2003 Federal income tax return for his donation of the facade easement. He claimed a charitable contribution deduction with respect to the facade easement of only $129,448, presumably because of the limitation in section 170(b)(1)(C) (a notation

---

[3]Cynthia M. Keiser is listed along with petitioner as the grantor of the preservation easement. She is also listed (in addition to petitioner) on the Form 8283, Noncash Charitable Contributions, attached to his 2003 Federal income tax return, under "Name(s) shown on your income tax return", although the filing status claimed on the 2003 return was single. Respondent has not argued that the charitable contribution deduction at issue should be disallowed because some or all of the value of the claimed qualified conservation easement is allocable to Ms. Keiser. Consequently, we do not consider the matter further.

on his return indicated "disallowed contributions" of $270,552). On his 2004

Federal income tax return petitioner reported a carryover charitable contribution of

$270,552 and claimed a charitable contribution deduction of $104,088.[4]

Respondent disallowed the deductions in a statutory notice of deficiency,

and petitioner timely petitioned this Court for redetermination.

Discussion

Summary judgment "is intended to expedite litigation and avoid and

unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C.

678, 681 (1988). Summary judgment may be granted where there is no genuine

issue of material fact and a decision may be rendered as a matter of law. Rule

121(a) and (b). The moving party bears the burden of proving that there is no

genuine issue of material fact, and factual inferences are viewed in a light most

favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260

(2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The party opposing

summary judgment must set forth specific facts which show that a genuine question

of material fact exists and may not rely merely on allegations or denials in the

pleadings. Rule 121(d); Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C.

---

[4]Similar to the statement he made in his 2003 return, petitioner indicated "disallowed contributions" of $166,464 on his 2004 return.

322, 325 (1988). If the adverse party does not so respond, then a decision, if appropriate, may be entered against him. Rule 121(d).

Section 170 allows a deduction for any charitable contribution, subject to certain limitations, that a taxpayer makes during the taxable year. A charitable contribution includes a gift of property to a charitable organization, made with charitable intent and without the receipt or expectation of receipt of adequate consideration. See Hernandez v. Commissioner, 490 U.S. 680, 690 (1989); sec. 1.170A-1(h)(1) and (2), Income Tax Regs. While a taxpayer is generally not allowed a charitable contribution deduction for a gift of an interest in property that is less than his entire interest in the property, an exception exists for qualified conservation contributions. Sec. 170(f)(3)(A), (B)(iii).

A qualified conservation contribution is a contribution of (1) a qualified real property interest, (2) to a qualified organization,[5] (3) made exclusively for conservation purposes. Sec. 170(h)(1)-(5). A restriction, granted in perpetuity, on the use which may be made of real property is a qualified real property interest.[6]

---

[5]Respondent concedes that LPCI was a qualified organization within the meaning of sec. 170(h)(3).

[6]The regulations designate an easement restricting the use which may be made of real property as a "perpetual conservation restriction", which constitutes a "qualified real property interest". See sec. 1.170A-14(b)(2), Income Tax Regs.

Sec. 170(h)(2)(C); sec. 1.170A-14(b)(2), Income Tax Regs. The preservation of the facade of a certified historic structure may, subject to certain conditions, constitute a conservation purpose. See sec. 170(h)(4)(B); sec. 1.170A-14(d)(5), Income Tax Regs. However, a contribution is not treated as exclusively for conservation purposes unless such purposes are protected in perpetuity. Sec. 170(h)(5)(A). Section 1.170A-14(g), Income Tax Regs., interprets the protected in perpetuity requirement by setting forth a number of rules designed to safeguard the conservation purpose of a donation. See Kaufman v. Commissioner, 134 T.C. 182, 186-187 (2010), reconsideration denied, 136 T.C. 294 (2011); see also 1982 East, LLC v. Commissioner, T.C. Memo. 2011-84.

Respondent argues that the conservation purpose of the facade easement petitioner contributed to LPCI is not protected in perpetuity because the contribution failed to satisfy section 1.170A-14(g)(6), Income Tax Regs.[7] That section addresses subsequent unexpected changes in the conditions surrounding

---

[7]Respondent also argues that the conservation purpose is not protected in perpetuity because LPCI can consent to changes to the facade that are inconsistent with such purpose and because a subsequent assignee of LPCI is not required to enforce the easement's restrictions. Further, respondent contends that the deduction should be disallowed because petitioner failed to satisfy the substantiation requirements of sec. 1.170A-13(c)(2), Income Tax Regs. We find it unnecessary to address these arguments because we conclude petitioner's contribution failed to satisfy sec. 1.170A-14(g)(6), Income Tax Regs., and its conservation purpose is therefore not protected in perpetuity.

the donated property that make it impossible or impractical to continue using it for conservation purposes. Section 1.170A-14(g)(6)(ii), Income Tax Regs., requires the donor to agree, at the time of the gift, that the donation of the perpetual conservation restriction gives rise to a property right, immediately vested in the donee organization, with a fair market value that, at the time of the gift, is at least equal to the proportionate value that the perpetual conservation restriction bears to the value of the property as a whole.[8] If subsequent changes result in judicial extinguishment of the easement, the conservation purpose of the contribution is nonetheless treated as protected in perpetuity if the donee organization is entitled to a portion of the proceeds from a subsequent sale, exchange, or involuntary conversion of the subject property, which is at least equal to the proportionate value of the perpetual conservation restriction, and it uses those proceeds in a manner consistent with the conservation purpose of the original contribution. Sec. 1.170A-14(g)(6)(i), Income Tax Regs.

---

[8]The proportionate value of the donee organization's property right remains constant. Sec. 1.170A-14(g)(6)(ii), Income Tax Regs.

Section 1.170A-14(g)(6), Income Tax Regs., is unconditional; if the donee organization is not <u>entitled</u> to a proportionate share of such proceeds, then the conservation purpose of the contribution is not protected in perpetuity. <u>Kaufman v. Commissioner</u>, 136 T.C. at 309; <u>Kaufman v. Commissioner</u>, 134 T.C. at 186-187. The taxpayers in <u>Kaufman</u> claimed a deduction for their contribution of a facade easement to a nonprofit organization. <u>Kaufman v. Commissioner</u>, 134 T.C. at 184. Consistent with the regulation, the easement agreement granted the nonprofit organization a proportionate share of future proceeds. <u>See</u> <u>Kaufman v. Commissioner</u>, 136 T.C. at 299. However, the property was subject to a mortgage, and a "lender acknowledgment" recorded with the easement agreement granted the mortgagee a "prior claim" to insurance and condemnation proceeds in preference to the nonprofit organization. <u>Id.</u> at 299-300. We held that the conservation contribution failed as a matter of law to comply with the enforceability in perpetuity requirement because the nonprofit organization was not guaranteed its proportionate share of the proceeds (i.e., after preferential payment to the mortgagee there might not have been sufficient proceeds for the nonprofit

organization).[9]  Kaufman v. Commissioner, 134 T.C. at 187.  We reached the same

conclusion on similar facts in 1982 East.

    Similar to the contributions in Kaufman and 1982 East, petitioner's contribution

of the facade easement to LPCI does not satisfy the requirements of section

1.170A-14(g)(6), Income Tax Regs.  Section 19 of the easement

agreement, captioned "Stipulated Value of Grantee's Interest", provides in

pertinent part:

> [Petitioner] acknowledges that upon execution and recording of this
> Preservation Easement, * * * [LPCI] shall be immediately vested with a real
> property interest in the Premises and that such interest of * * * [LPCI] shall
> have a stipulated fair market value, for purposes of allocating net proceeds in
> an extinguishment pursuant to Section 21, equal to the ratio between the fair
> market value of the Preservation Easement and the fair market value of the
> Premises prior to considering the impact of the Preservation Easement
> (hereinafter the "Preservation Easement Percentage") as determined in the
> Qualified Appraisal * * *

In relevant part, section 21of the agreement provides that in the event the easement

is extinguished by judicial decree:

---

[9]We accepted the taxpayers' claim that the easement agreement gave the
nonprofit organization a contractual right against the taxpayers and their successors
for its proportionate share of the proceeds but found such right insufficient to satisfy
sec. 1.170A-14(g)(6), Income Tax Regs.  See Kaufman v. Commissioner, 136 T.C.
294, 309 (2011).  We held that the taxpayers could not avoid the strict requirement
of the regulation by showing that they would most likely be able to satisfy both their
mortgage and their obligation to the nonprofit organization.  See Kaufman v.
Commissioner, 134 T.C. 182, 186 (2010).

(ii)     [LPCI] shall be entitled to share in any net proceeds resulting from or related to the extinguishment in an amount equal to the Preservation Easement Percentage determined pursuant to Section 19 multiplied by the net proceeds.

(iii)     [LPCI] agrees to apply all of the portion of the net proceeds it receives to the preservation and conservation of other buildings, structures, or sites having historical, architectural, cultural, or aesthetic value and significance to the people of the State of Illinois.

(iv)     Net proceeds shall include, without limitation, insurance proceeds, condemnation proceeds or awards, proceeds from a sale in lieu of condemnation, and proceeds from the sale, financing or exchange by * * * [petitioner] of any portion of the Premises after the extinguishment, but shall specifically exclude any preferential claim of a Mortgagee under Section 22.  [Emphasis added.]

Section 22 of the agreement, captioned "Subordination of Mortgages", provides in

pertinent part:

[Petitioner] and * * * [LPCI] agree that all mortgages and rights in the Premises of all mortgagees and holders of other liens and encumbrances (collectively "lienholders") are subject and subordinate at all times to the rights of * * * [LPCI] to enforce the purposes of this Preservation Easement. * * * [Petitioner] represents and warrants that it [sic] has provided a copy of this instrument to all lienholders as of the date hereof, and the agreement of each lienholder to subordinate its mortgage to this Preservation Easement is attached hereto.  The following provisions apply to all Mortgagees (as hereinafter defined) now existing or hereafter holding a mortgage on the Premises:

*          *          *          *          *          *          *

(c)     If a mortgage grants to a Mortgagee the right to receive the proceeds of condemnation proceedings arising from any exercise of the power of eminent domain as to all or any part of the Premises or the right to receive insurance proceeds as a result of any casualty, hazard, or accident occurring to or about the Premises, the Mortgagee shall have a prior claim to the insurance and condemnation proceeds and shall be entitled to same in preference to * * * [LPCI] until the mortgage is paid off and discharged, notwithstanding that the mortgage is subordinate in priority to this Preservation Easement.  [Emphasis added.]

*         *         *         *         *         *         *

(h)     For purposes of this instrument, the term "Mortgagee" shall include only the holder of a bona fide indebtedness secured by a mortgage or trust deed, provided that such holder is an institutional lender or other third party unrelated to * * * [petitioner].

Bank of America and First Bank & Trust held mortgages on the property at the time the easement agreement was entered into and were thus "Mortgagees" under the agreement.  The terms of each mortgage assigned insurance and condemnation proceeds to the lender.  As required by the easement agreement, representatives of the banks executed documents styled "LENDER ACKNOWLEDGMENT-PRESERVATION EASEMENT" which purported to subordinate the banks' mortgage rights to LPCI's rights under the easement agreement.  However, the lender acknowledgments contain clauses that are essentially identical to section 22, paragraph (c) of the easement agreement, which grant the banks a "prior claim" to insurance and condemnation proceeds "in preference to" LPCI.

Under the easement agreement Bank of America and First Bank & Trust have preferential claims to all future insurance and condemnation proceeds up to the amounts of the outstanding balances of their respective mortgages at the time. As a result, LPCI does not have a guaranteed right to its proportionate share of such proceeds as required by section 1.170A-14(g)(6), Income Tax Regs. See Kaufman v. Commissioner, 134 T.C. at 186. The effect of the easement agreement in this case is indistinguishable from the effect of similar agreements in Kaufman and 1982 East, and our opinions in those cases are squarely on point. Petitioner's facade easement contribution fails as a matter of law to comply with the enforceability in perpetuity requirements of section 170A-14(g)(6), Income Tax Regs., and therefore is not exclusively for conservation purposes. See sec. 170(h)(5)(A). For that reason, it is not a qualified conservation contribution under section 170(h)(1), and petitioner is not allowed a deduction therefor.

We conclude that no genuine issues of material fact exist and that respondent is entitled to judgment as a matter of law with respect to the facade easement contribution. In his memorandum of law in support of summary judgment respondent concedes the accuracy-related penalties are not appropriate if petitioner's deduction is disallowed as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order and
decision will be entered.