T.C. Memo. 2012-218

UNITED STATES TAX COURT

STEVEN ROTHMAN AND RORY ROTHMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 17547-10.                    Filed July 31, 2012.

<u>Frank Agostino</u>, <u>Reuben G. Muller</u>, <u>Eduardo S. Chung</u>, <u>Lawrence M. Brody</u>,

and <u>Jairo G. Cano</u>, for petitioners.

<u>Marissa J. Savit</u>, <u>Peggy Gartenbaum</u>, and <u>Nancy J. Lee</u>, for respondent.

---

[*]This opinion supplements our prior Memorandum Opinion in <u>Rothman v. Commissioner</u>, T.C. Memo. 2012-163.

SUPPLEMENTAL MEMORANDUM OPINION

LARO, Judge: Petitioners move the Court to reconsider and vacate our opinion in Rothman v. Commissioner, T.C. Memo. 2012-163. See Rule 161.[1] In that opinion, the facts and holdings of which we incorporate herein, we held by way of partial summary adjudication that the appraisal attached to petitioners' 2004 joint Federal income tax return (Rosado appraisal) was not a qualified appraisal as defined in section 1.170A-13(c)(3), Income Tax Regs. (sometimes, qualified appraisal regulation). We further held that issues of material fact remained in respect of whether petitioners' deductions under section 170 might be allowed under section 170(f)(11)(A)(ii)(II). We based our opinion in part on Scheidelman v. Commissioner, T.C. Memo. 2010-151. The U.S. Court of Appeals for the Second Circuit recently vacated and remanded Scheidelman, see 682 F.3d 189 (2d Cir. 2012), and this case is appealable to that court.

In accordance with Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971), we conclude that reconsideration is appropriate and that we must vacate the portion of Rothman v. Commissioner, slip op. at 19-28, that

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the applicable version of the Internal Revenue Code.

is inconsistent with the Court of Appeals' opinion in Scheidelman.  However, we shall deny petitioners' request to vacate our opinion in full because we decline to recognize the Rosado appraisal as qualified.  When examining the Rosado appraisal's collective defects in the light of the qualified appraisal regulation and the Supreme Court's decision in Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. ___, 131 S. Ct. 704 (2011), we are not persuaded that the Court of Appeals' decision in Scheidelman requires that we recognize the Rosado appraisal as qualified.

Background

In Rothman v. Commissioner, T.C. Memo. 2012-163, the parties filed cross-motions for partial summary judgment asking the Court to determine whether the Rosado appraisal was qualified.  We decided those motions using a three-prong approach.  First, relying on Scheidelman v. Commissioner, T.C. Memo. 2010-151, we concluded that the Rosado appraisal did not satisfy the requirements of section 1.170A-13(c)(3)(ii)(J) and (K), Income Tax Regs., and consequently, was not qualified.  Rothman v. Commissioner, slip op. at 28.  We noted that the Rosado appraisal, including the addendum, was identical in all material respects to the appraisal obtained by the taxpayers in Scheidelman (Scheidelman appraisal), and

particularly with respect to the valuation method and specific basis for the underlying value.  Id., slip op. at 22, 25.

Second, we recognized that the Rosado appraisal suffered from defects not presented to (or not emphasized in the opinion of) this Court in Scheidelman.  We thought it relevant to address these infirmities and to decide whether the Rosado appraisal met the requirements of section 1.170A-13(c)(3)(i)(A) and (B) and (ii)(A), (C), (D), (F), (G), and (I), Income Tax Regs.  We determined that the Rosado appraisal failed most of these requirements, and we concluded that the substantial compliance doctrine should not be invoked to recognize the defective appraisal as qualified for purposes of section 170.  Rothman v. Commissioner, slip op. at 28-44.

Third, we examined, but did not adjudicate, whether the noncash charitable contribution deduction for 2004 or the related carryover deduction for 2005 should be disallowed under the general denial rule in section 170(f)(11)(A)(i).  Rothman v. Commissioner, slip op. at 45-46.  We concluded that triable issues of fact existed in respect of whether the section 170(f)(11)(A)(ii)(II) reasonable cause exception precluded denial of the deductions, and we reserved ruling on that issue until after trial.  Id.

Four days after we released our opinion in <u>Rothman</u>, the Court of Appeals for the Second Circuit released its opinion in <u>Scheidelman</u>.  That court held that the Scheidelman appraisal sufficiently detailed the method and basis of valuation within the purview of section 1.170A-13(c)(3)(ii)(J) and (K), Income Tax Regs.  <u>Scheidelman v. Commissioner</u>, 682 F.3d at 192.  Petitioners filed the pending motion for reconsideration one week after the Court of Appeals released its opinion in <u>Scheidelman</u>.  Petitioners essentially ask through that motion that we vacate our opinion in <u>Rothman</u> on grounds they have already asserted and for the reasons stated by the Court of Appeals in <u>Scheidelman</u>.

## Discussion

Reconsideration under Rule 161 is intended in part to correct substantial errors of law.  <u>See</u> <u>Knudsen v. Commissioner</u>, 131 T.C. 185 (2008); <u>Estate of Quick v. Commissioner</u>, 110 T.C. 440, 441-442 (1998).  We have broad discretion as to whether to grant a motion for reconsideration, <u>Estate of Quick v. Commissioner</u>, 110 T.C. at 441-442, and an intervening change of controlling law may warrant our exercising that discretion, <u>see</u> <u>Doe v. N.Y.C. Dep't of Soc. Servs.</u>, 709 F.2d 782, 789 (2d Cir. 1983); <u>see also</u> <u>Alioto v. Commissioner</u>, T.C. Memo. 2008-185, 96 T.C.M. (CCH) 63, 68 (2008).  We conclude that a decision by the same court to

which an appeal in this case would lie specifically addressing an appraisal described by us as identical requires that we reconsider our opinion.

Petitioners begin by asking us to reconsider whether the Rosado appraisal met the requirements of section 1.170A-13(c)(3)(ii)(J) and (K), Income Tax Regs. We shall do so. Our previous opinion in this case held, consistent with our then-intact decision in Scheidelman v. Commissioner, T.C. Memo. 2010-151, that the Rosado appraisal was not qualified because it lacked a method and specific basis for the determined value. Rothman v. Commissioner, slip op. at 28. We observed that the Rosado and Scheidelman appraisals included identical language and were materially the same. Id., slip op. at 22, 25.

The Court of Appeals later held that the Scheidelman appraisal included a valuation method and a specific basis as required by section 1.170A-13(c)(3)(ii) (J) and (K), Income Tax Regs. Scheidelman v. Commissioner, 682 F.3d at 192. Given that holding, we now conclude that the Rosado appraisal meets the requirements of section 1.170A-13(c)(3)(ii)(J) and (K), Income Tax Regs. We shall issue an order vacating that portion of our prior opinion at T.C. Memo. 2012-163 concluding that the Rosado appraisal was not qualified because it lacked a valuation method and a specific basis for the underlying value.

The question remains, however, whether the Rosado appraisal's additional defects cited in <u>Rothman v. Commissioner</u>, slip op. at 28-44, separately or in the aggregate, cause us to reaffirm our holding that the Rosado appraisal was not qualified. We conclude they do because those defects are significant. Petitioners ask us to vacate the balance of our prior opinion because, they state, the Court of Appeals' decision in <u>Scheidelman</u> and the likeness of the Rosado and Scheidelman appraisals require that we do so. For the reasons explained in <u>Rothman v. Commissioner</u>, slip op. at 28-44, and as we explain below, we will not grant petitioners the relief they seek.

As relevant here, Congress made two express delegations of authority to the Secretary as to a deduction under section 170. First, in the general allowance rule of section 170(a)(1), Congress provided: "A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary." Second, in the Deficit Reduction Act of 1984 (DEFRA), Pub. L. No. 98-369, sec. 155, 98 Stat. at 691, Congress invited the Secretary to promulgate regulations that define the term "qualified appraisal" to include any additional information the Secretary may require. As noted in <u>Rothman v. Commissioner</u>, slip op. at 12-13, the Secretary promulgated the qualified appraisal regulation for the stated purpose of conforming existing regulations to DEFRA sec. 155. <u>See</u> T.D.

8199, 1988-1 C.B. 99 (preamble). The qualified appraisal regulation was therefore issued in response to Congress' express delegation of authority.

For that reason, and by mandate of the Supreme Court, we must defer to the qualified appraisal regulation unless we find it arbitrary, capricious, or manifestly contrary to the statute. See Mayo Found., 562 U.S. at ___, 131 S. Ct. at 714; Chevron, U.S.A., Inc. v. Natural Res. Def. Council Inc., 467 U.S. 837, 843-844 (1984). Recently, we concluded that the qualified appraisal regulation passes muster under each prong of Chevron because the regulation matches the congressional interpretation in DEFRA. See Mohamed v. Commissioner, T.C. Memo. 2012-152, slip op. at 16-18 (analyzing whether the qualified appraisal regulation is valid under Chevron steps 1 and 2). Petitioners do not assert that the qualified appraisal regulation is invalid, and we confirm the validity of the regulation for the reasons stated in Mohamed.

The Court of Appeals' decision in Scheidelman, while dispositive of our inquiry as to whether the Rosado appraisal included a method and a specific basis for the valuation, does not speak to any of the additional defects observed in our prior opinion in Rothman. Nor do we expect it would have. This Court's opinion in Scheidelman was decided on grounds that the Scheidelman appraisal lacked a method and a specific basis for the valuation. The Court of Appeals in Scheidelman

in turn addressed only whether the Scheidelman appraisal complied with the requirements of section 1.170A-13(c)(3)(ii)(J) and (K), Income Tax Regs. Scheidelman v. Commissioner, 682 F.3d at 194 ("We are concerned here only with clauses (J) and (K)" of the qualified appraisal regulation").  The Rosado appraisal, by contrast, suffers from numerous defects not presented to the Court of Appeals in Scheidelman.

The qualified appraisal regulation imposes 15 distinct requirements before an appraisal is recognized as a qualified appraisal for purposes of section 170.  See id. at 195 n.3 (listing requirements); Rothman v. Commissioner, slip op. at 14-15 (same).  While a few of these requirements may be open to interpretation, e.g., method and specific basis of valuation, many more are seemingly straightforward. An appraiser who meets the statutory or regulatory requirements to be recognized as a "qualified" appraiser must surely recognize that when, as here, the qualified appraisal regulation provides that a qualified appraisal shall include "A statement that the appraisal was prepared for income tax purposes", the Secretary meant just that.  So too must a "qualified" appraiser understand that when the Secretary states that an appraisal must include "The appraised fair market value (within the meaning of § 1.170A-1(c)(2)) of the property", the Secretary does not mean that the measure of value to be used is "market value" as contemplated in the Uniform Standards of

Professional Appraisal Practice. Because the qualified appraisal regulation was promulgated under an express delegation of congressional authority and passes muster under <u>Chevron</u>, the Supreme Court has instructed that we respect the lines the Secretary has drawn therein as a valid exercise of rulemaking authority. <u>See</u> <u>Mayo Found.</u>, 562 U.S. at ___, 131 S. Ct. at 713-715.

The Court of Appeals concluded in <u>Scheidelman</u> that the qualified appraisal regulation's purpose was achieved because the Scheidelman appraisal "provides the * * * [Internal Revenue Service] with sufficient information to evaluate the claimed deduction and 'deal more effectively with the prevalent use of overvaluations.'" <u>Scheidelman v. Commissioner</u>, 682 F.3d at 198 (quoting <u>Hewitt v. Commissioner</u>, 109 T.C. 258, 265 (1997), <u>aff'd</u>, 166 F.3d 332 (4th Cir. 1998)). We are not persuaded that the same is true for the Rosado appraisal.

The cumulative effect of the defects discussed in <u>Rothman</u>, but not at issue in <u>Scheidelman</u>, deprives the Internal Revenue Service of sufficient information to evaluate the deductions claimed. The Rosado appraisal describes (and values) a property right different from the one petitioners contributed, and in doing so, fails to describe the easement accurately or in sufficient detail for a person unfamiliar with the property to ascertain whether the appraised property and the contributed property were one and the same. <u>Rothman v. Commissioner</u>, slip op. at 33-35. The

Rosado appraisal does not disclose the terms of the agreement between NAT and petitioners because the appraisal attached two unexecuted deeds of easement that did not communicate the existence of the mortgages. Id., slip op. at 37-38. The mortgages alone may have caused the charitable contribution deductions to be disallowed, see id., slip op. at 11 n.7, and Mr. Rosado's failure to disclose their existence inhibited respondent from evaluating the deductions claimed. Moreover, the Rosado appraisal values a property interest greater than the one petitioners contributed, id., slip op. at 27, 34, and it applies the wrong measure of value, id., slip op. at 40-41.

Against this backdrop, even when we view the Rosado appraisal in the light of the Court of Appeals' decision in Scheidelman, we decline to conclude the Rosado appraisal is qualified for purposes of section 1.170A-13(c)(3), Income Tax Regs. As explained in Rothman v. Commissioner, slip op. at 28-44, the Rosado appraisal failed to satisfy 10 of 15 regulatory requirements, and following reconsideration, we conclude that the Rosado appraisal still fails to satisfy 8 of 15 requirements.[2] We are hard pressed to change our view that an appraisal which fails

---

[2]After reconsideration, we conclude that the Rosado appraisal did not comply with sec. 1.170A-13(c)(3)(i)(A) and (C) and (ii)(A), (C), (D), (F), (G), and (I), Income Tax Regs, and that the Rosado appraisal did comply with sec. 1.170A-13(c)(3)(i)(D) and (ii)(B), (E), (H), (J), and (K), Income Tax Regs. Although we

(continued...)

the majority of the regulatory requirements is harmonious with the qualified appraisal regulation. For the foregoing reasons and because of the reasons stated in Rothman v. Commissioner, slip op. at 28-41, we reconfirm that the Rosado appraisal was not qualified.[3]

To be clear, we have not denied and are not now denying petitioners' claimed charitable contribution deduction for 2004 or the corresponding carryover for 2005. Whereas our ruling that petitioners failed to obtain a qualified appraisal generally leads towards a denial of those deductions, see sec. 170(f)(11)(A)(i), the deductions are not disallowed if the failure was due to reasonable cause and not to willful neglect, see sec. 170(f)(11)(A)(ii)(II). Whether petitioners acted with reasonable

---

[2](...continued)
reserved decision on whether the appraisal was prepared, signed, and dated by a qualified appraiser as required under sec. 1.170A-13(c)(3)(i)(B), Income Tax Regs., we were and still are satisfied that the Rosado appraisal was not qualified.

[3]We are mindful of the U.S. Court of Appeals for the First Circuit's recent opinion in Kaufman v. Commissioner, ___ F.3d ___ (1st Cir. July 19, 2012), aff'g in part, vacating in part, and remanding in part 134 T.C. 182 (2010). There, the court noted that the substantial compliance doctrine may be used to forgive "minor discrepancies" relating to the qualified appraisal regulation. Id. at ___ (slip op. at 17-18). Because we conclude that the Rosado appraisal suffers from defects which are many and significant, we do not find Kaufman to alter our result that the Rosado appraisal was not qualified. Our result in the instant case is consistent with the First Circuit's decision in Kaufman in that the case is proceeding to trial on the issue of valuation and whether the reasonable cause exception of sec. 170(f)(11)(A)(ii)(II) applies.

cause is, as we concluded in <u>Rothman v. Commissioner</u>, slip op. at 45-46, an issue that must be tried.

We have considered all arguments made, and to the extent not specifically addressed herein, conclude they have been previously addressed in our prior opinion in this case or are irrelevant, moot, or without merit.

To give effect to the foregoing,

<u>An appropriate order will be</u>

<u>issued</u>.