T.C. Memo. 2020-116

UNITED STATES TAX COURT

RED OAK ESTATES, LLC, AMANDA FARAHANY,
TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13659-17.                    Filed August 4, 2020.

Charles E. Hodges II, Antoinette G. Ellison, and Aditya Shrivastava, for

petitioner.

Christopher D. Bradley, Jason P. Oppenheim, and John T. Arthur, for

respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  This case is before the Court on respondent's motion

for partial summary judgment, filed October 18, 2018.  On March 20, 2017,

[*2] respondent issued a notice of final partnership administrative adjustment (FPAA) for tax year 2009 to Effingham Managers, LLC, as the tax matters partner for Red Oak Estates, LLC (Red Oak). On December 13, 2016, Amanda Farahany replaced Effingham Managers, LLC, as tax matters partner. In the FPAA respondent disallowed a $4,110,500 deduction for a noncash charitable contribution for the donation of a conservation easement and asserted in the FPAA a gross valuation misstatement penalty pursuant to section 6662(h), or in the alternative, a penalty pursuant to section 6662(a).

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent contends that the extinguishment clause in Red Oak's deed of conservation easement violates the requirements of section 1.170A-14(g)(6)(ii), Income Tax Regs. Petitioner, by contrast, contends that respondent's interpretation of the regulation is incorrect or, alternatively, if respondent's interpretation is found to be correct, that the regulation is invalid. Petitioner further contends that Red Oak substantially complied with the requirements of the regulation.

[*3]                                    Background

There is no dispute as to the following facts drawn from the parties' motion papers and attached exhibits. When the petition was filed, Red Oak's principal place of business was in Georgia.

On August 9, 2007, HRH Investments, LLC (HRH), purchased from Augusta Woodlands, LLC, a 1,490-acre tract of land in Effingham County, Georgia. The deed for the purchase was recorded in Effingham County. HRH subdivided the property into smaller parcels and contributed 155.02 acres (property) to Red Oak in December 2008.

On December 31, 2009, Red Oak granted a conservation easement of approximately 150.02 acres of the property to the Georgia Land Trust, Inc., by deed recorded in Effingham County. Red Oak claimed a $4,343,000 charitable deduction for its contribution of the conservation easement on its 2009 Form 1065, U.S. Return of Partnership Income. It attached Form 8283, Noncash Charitable Contributions, to its partnership return and included an attachment stating that the appraised fair market value (FMV) of the unencumbered property was $4,651,000 and the net value of the contribution was $4,343,000.

The deed addresses the possibility that circumstances might arise in the future to render the purpose of the conservation easement impossible to

**[*4]** accomplish, such as condemnation or certain judicial proceedings. Paragraphs 17 and 18 of the deed provide that if the conservation easement is terminated or extinguished by judicial proceedings or condemnation, "[t]he amount of the proceeds to which Grantee shall be entitled, after the satisfaction of any and all prior claims, shall be determined, unless otherwise provided by Georgia law at the time, in accordance with the Proceeds paragraph below."

Paragraph 19 of the deed, referred to as the proceeds paragraph, provides that the conservation easement grants a real property interest immediately vested in the grantee. The proceeds paragraph states in pertinent part:

> [T]he parties stipulate to have a current fair market value determined by multiplying the fair market value of the Property unencumbered by this Conservation Easement (minus any increase in value after the date of this Conservation Easement attributable to improvements) by the ratio of the value of the Conservation Easement at the time of this conveyance to the value of the Property at the time of this conveyance without deduction for the value of the Conservation Easement. The value of this Conservation Easement at the time of this conveyance, and the value of the Property at the time of this conveyance without deduction for the value of the Conservation Easement, shall be determined according to that certain Property Appraisal Report, on file at the office of the Grantee, prepared on behalf of Grantor to establish the value of the gift of this Conservation Easement. The values at the time of this Conservation Easement shall be those values used to calculate the deduction for federal income tax purposes pursuant to § 170(h) of the Code.

**[*5]** In the deed Red Oak reserved specific rights for forestry and other agricultural purposes. The reserved rights include the right to construct a limited number of improvements, including driveways, utilities, and an irrigation system. The deed also provides the grantor with the right to construct and maintain two ponds not to exceed four acres combined.

## Discussion

Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). After reviewing the pleadings and the motion with accompanying exhibits, we conclude that a decision may be rendered as a matter of law.

I.      Qualified Conservation Contribution

Section 170(a)(1) allows a deduction for any charitable contribution made within the taxable year. If the taxpayer makes a charitable contribution of property other than money, the amount of the contribution is generally equal to the

**[*6]** FMV of the property at the time the gift is made. <u>See</u> sec. 1.170A-1(c)(1), Income Tax Regs.

The Code generally restricts a taxpayer's charitable contribution deduction for the donation of "an interest in property which consists of less than the taxpayer's entire interest in such property". Sec. 170(f)(3)(A). However, there is an exception to this rule for a "qualified conservation contribution." Sec. 170(f)(3)(B)(iii). This exception applies to a "qualified conservation contribution", which is a contribution of a qualified real property interest to a qualified organization exclusively for conservation purposes. Sec. 170(h)(1).

Section 170(h)(5)(A) provides that a contribution will not be treated as being made exclusively for conservation purposes "unless the conservation purpose is protected in perpetuity." The accompanying regulation recognizes that "a subsequent unexpected change in the conditions surrounding the [donated] property * * * can make impossible or impractical the continued use of the property for conservation purposes". Sec. 1.170A-14(g)(6)(i), Income Tax Regs. In these circumstances the conservation purpose can be treated as protected in perpetuity if the restrictions are extinguished by judicial proceeding and the easement deed ensures that the charitable donee, following the sale of the property, will receive a proportionate share of the proceeds and use those proceeds

**[\*7]** consistently with the conservation purposes underlying the original gift. <u>Id.</u> This results in the satisfaction of the "perpetuity" requirement because the sale proceeds replace the easement as an asset deployed by the donee "exclusively for conservation purposes". Sec. 170(h)(5)(A); <u>see also</u> <u>Oakbrook Land Holdings, LLC v. Commissioner</u>, 154 T.C. ___, ___ (slip op. at 7) (May 12, 2020).

Section 1.170A-14(g)(6)(ii), Income Tax Regs., specifies that the donee's share of proceeds in the case of extinguishment as follows:

> [F]or a deduction to be allowed under this section, at the time of the gift the donor must agree that the donation of the perpetual conservation restriction gives rise to a property right, immediately vested in the donee organization, with a fair market value that is at least equal to the proportionate value that the perpetual conservation restriction at the time of the gift, bears to the value of the property as a whole at that time. * * * For purposes of this paragraph * * *, that proportionate value of the donee's property rights shall remain constant. Accordingly, when a change in conditions give rise to the extinguishment of a perpetual conservation restriction under paragraph (g)(6)(i) of this section, the donee organization, on a subsequent sale, exchange, or involuntary conversion of the subject property, must be entitled to a portion of the proceeds at least equal to that proportionate value of the perpetual conservation restriction, unless state law provides that the donor is entitled to the full proceeds * * *.

To meet the requirements of section 1.170A-14(g)(6)(ii), Income Tax Regs. (proceeds regulation), the deed must guarantee that the donee will receive "a proportionate share of extinguishment proceeds". <u>Carroll v. Commissioner</u>, 146

**[\*8]** T.C. 196, 219 (2016); see PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d 193, 207 (5th Cir. 2018) ("[T]he 'proportionate value' is a fraction equal to the value of the conservation easement at the time of the gift, divided by the value of the property as a whole at that time.").

Respondent contends that the deed violates the proceeds regulation because it provides that the portion of proceeds required to be allocated to the donee in the event of an extinguishment shall be reduced by the value of improvements to the land made by Red Oak after the grant of the easement. The proceeds regulation specifically states that the donee "must be entitled to a portion of the proceeds at least equal to that proportionate value". Sec. 1.170A-14(g)(6)(ii), Income Tax Regs. The word "must" clearly requires that the donee receive at least the proportionate value. PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d at 208.

The proceeds regulation does not permit that "any amount, including that attributable to improvements, may be subtracted out" of the proceeds. Id.; see also Coal Prop. Holdings, LLC v. Commissioner, 153 T.C. 126, 138 (2019). Since the deed reduces the donee's share of the proceeds by reducing the FMV of the unencumbered property at the time of sale by any increase in value attributable to posteasement improvements before applying the proportionate distribution percentages, the conservation purpose is not protected in perpetuity. See sec.

**[*9]** 170(h)(5)(A); sec. 1.170A-14(g)(6)(ii), Income Tax Regs.; see also <u>PBBM-Rose Hill, Ltd. v. Commissioner</u>, 900 F.3d at 208; <u>Coal Prop. Holdings, LLC v. Commissioner</u>, 153 T.C. at 145.

II.    <u>Validity of Proceeds Regulation</u>

Petitioner contends that the proceeds regulation is invalid under the criteria established by <u>Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984).  She raises substantive challenges to the regulation.  In <u>Oakbrook Land Holdings, LLC v. Commissioner</u>, 154 T.C. at ___ (slip op. at 26-33), we upheld the substantive validity of the proceeds regulation.

Petitioner contends that respondent's interpretation of the proceeds regulation is not entitled to deference under <u>Auer v. Robbins</u>, 519 U.S. 452, 461 (1997).  We concluded in <u>Oakbrook Land Holdings, LLC v. Commissioner</u>, T.C. Memo. 2020-54, at *25 (quoting <u>Kisor v. Wilkie</u>, 588 U.S. ___, ___, 139 S. Ct. 2400, 2415 (2019)), that "we see no need to rely on the <u>Auer</u> deference because the 'traditional tools of construction' lead us to hold that the Commissioner's construction of the regulation is correct even if we look at the question <u>de novo</u>."

Petitioner further contends that the proceeds regulation violates the first part of the two-part inquiry established by <u>Chevron</u>.  The first part is to inquire "whether Congress has directly spoken to the precise question at issue."  <u>Chevron</u>,

**[\*10]** 467 U.S. at 842.  In <u>Oakbrook Land Holdings, LLC v. Commissioner</u>, 154 T.C. at \_\_\_ (slip op. at 26), we concluded that Congress did not specifically address the allocation of extinguishment proceeds.  Petitioner argues that our analysis under the first part of <u>Chevron</u> requires reconsideration because the interpretation of the proceeds regulation as we have upheld contradicts the basic income tax principles created by Congress.  We disagree.

Petitioner also argues that the proceeds regulation violates the second part of the two-part inquiry in <u>Chevron</u>, which is whether the regulation "is based on a permissible construction of the statute."  <u>Chevron</u>, 467 U.S. at 843.  She contends that the proceeds regulation exceeds the IRS' statutory authority because there are existing Federal tax laws which already address involuntary conversions.

Specifically, petitioner refers to sections 1001, 1011, 1012, 1031, and 1033.  Sections 1001, 1011, and 1012 address the general principles of computing gain or loss and determining basis in general.  Section 1031 provides rules for the tax treatment of exchanges of real property held for productive use or investment.  Section 1033(a) addresses taxation of involuntary conversions which occur when a property "(as a result of its destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted".  These Code sections address principles of tax law that

[*11] differ from section 170, which addresses the requirements for a charitable contribution deduction.

Deductions are a matter of legislative grace, and therefore, the taxpayer needs to meet the requirements of the statute to be entitled to the deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The Code sections that petitioner cites do not address the requirements for claiming a charitable contribution deduction for a conservation easement. The proceeds regulation addresses the requirement that a conservation purpose be protected in perpetuity. See sec. 170(h)(5); sec. 1.170A-14(g)(6)(ii), Income Tax Regs. We agree with our conclusion in Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 26-32), that Congress has not spoken directly to the allocation of proceeds upon extinguishment of conservation easements and that the proceeds regulation is a permissible construction of the statute.

III. Petitioner's Additional Arguments

A. Georgia Law

The proceeds regulation entitles the donee to a proportionate share of postextinguishment proceeds "unless state law provides that the donor is entitled to the full proceeds from the conversion without regard to the terms of the prior perpetual conservation restriction." Sec. 1.170A-14(g)(6)(ii), Income Tax Regs.

**[*12]** Petitioner argues that Georgia law allocates the full amount of any extinguishment proceeds to the donor, citing Anderson v. Lynch, 3 S.E.2d 85 (Ga. 1939), rendering the proceeds regulation inapplicable in this case.

Anderson involved contiguous parcels of land each subject to a mutually restrictive covenant limiting the parcels to residential use. One of the parcels was being taken by Fulton County for use as a public road, a nonresidential use. The court held that the owners of the neighboring lots had no compensable interest because they held no property interest in the lot being taken by Fulton County. Id. at 89. The court concluded that the mutually restrictive covenant does not create a property right entitling the neighboring property owners to compensation in a condemnation proceeding of the servient estate but that, "[t]he most that can be said is that the restrictive covenants * * * are enforceable as between parties thereto and their successors with notice." Id.

Petitioner contends that a conservation easement is a "negative" easement and as such, should be treated as a restrictive covenant in accordance with Davista Holdings, LLC v. Capital Plaza, Inc., 741 S.E.2d 266, 269 (Ga. Ct. App. 2013). She argues that conservation easements do not create a property interest under Anderson and that donees of conservation easements are therefore not entitled to compensation from a sale following a condemnation proceeding.

[*13] We do not find petitioner's argument compelling. Petitioner does not cite any Georgia authority that extends the principles of <u>Anderson</u> to conservation easements held by charitable organizations. On the contrary Georgia has enacted the Uniform Conservation Easement Act with minor modifications, <u>see</u> Ga. Code Ann. secs. 44-10-1 to 44-10-8 (2003), which appears to support public policy in favor of conservation easements.

The court in <u>Anderson</u> held that the plaintiffs owned no property interest in the land sought to be condemned. Here, the deed explicitly provides that "this Conservation Easement constitutes a real property interest, immediately vested in Grantee." <u>See</u> sec. 1.170A-14(g)(6)(ii), Income Tax Regs. (requiring donor to agree that the easement "gives rise to a property right, immediately vested in the donee organization"). We rejected a similar argument in <u>Belair Woods, LLC v. Commissioner</u>, T.C. Memo. 2020-112, at *18-*21.

B.    <u>Substantial Compliance</u>

Petitioner argues that an alternative reason to deny respondent's motion for partial summary judgment is that Red Oak "substantially complied" with the requirements of the proceeds regulation. This argument also fails.

This Court has previously held that "a donor must show strict, and not substantial, compliance with the perpetuity requirements of the regulation. * * *

[*14] Substantial compliance does not work here." <u>Oakbrook Land Holdings, LLC v. Commissioner</u>, at *37-*38 (citing <u>Kaufman v. Commissioner</u>, 134 T.C. 182, 186 (2010) (finding that the taxpayers "cannot avoid the strict requirement in section 1.170A-14(g)(6)(ii), Income Tax Regs., simply by showing that they would most likely be able to satisfy" their obligation to the land trust), <u>vacated in part by</u> 687 F.3d 21 (1st Cir. 2012)).

C.  <u>Improvements</u>

Finally, petitioner argues that partial summary judgment is not appropriate because a question of fact remains as to whether the improvements authorized by the deed would increase the value of the property. She argues that none of the reserved improvements could increase the value of the property and that the deed satisfies the requirements of the proceeds regulation because there would be no improvements value to subtract from any extinguishment proceeds. We do not agree.

The U.S. Court of Appeals for the Fifth Circuit explicitly held that the proceeds regulation's meaning is unambiguous as to improvements: Their value cannot be subtracted. <u>See</u> <u>PBBM-Rose Hill, Ltd. v. Commissioner</u>, 900 F.3d at 208. Here, the deed explicitly allows for improvements to be made to the property and allows any value derived from those improvements to be subtracted

**[\*15]** from the proceeds of a judicial extinguishment before the donee receives its share of those proceeds. Whether those improvements will add value to the property at some point "in perpetuity" is an unknowable speculation and not a question of fact for this Court to address. We rejected a similar argument in Belair Woods, LLC v. Commissioner, at \*18 n.7.

IV.    Conclusion

The deed granting the conservation easement reduces the donee's share of the proceeds in the event of extinguishment by the value of improvements made by the donor. Accordingly, it does not satisfy the perpetuity requirement of section 170(h)(5)(A). Furthermore, we reject petitioner's challenge to the validity of the proceeds regulation and conclude that the construction of section 170(h)(5) as set forth in section 1.170A-14(g)(6), Income Tax Regs., is valid under Chevron. See Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 26-33).

We will grant respondent's motion for partial summary judgment. We have considered all of the arguments made by the parties, and to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

[*16] To reflect the foregoing,

An appropriate order will be issued.